THE STATE, EX REL. MURR, APPELLANT, *v.* THIERRY, JUDGE, APPELLEE.

[Cite as State, ex rel. Murr, *v.* Thierry (1987), 34 Ohio St. 3d 45.]

(No. 87-70—Decided December 16, 1987.)

*Jeffrey A. Murr, pro se.*

*Douglas O. Meyer,* prosecuting attorney, for appellee James E. Thierry.

*Per Curiam.* Appellant states that he wants to mount a collateral attack on his conviction, essentially by bringing perjury charges against a witness who testified against him and using the anticipated resulting conviction as a basis for seeking post-conviction relief under R.C. 2953.21 to 2953.23. He argues that the Due Process and Equal Protection Clauses of the Constitution of the United States require a transcript to be delivered to him.

This court has held that an indigent prisoner is entitled to relevant portions of a transcript upon, *inter alia,* appeal or in seeking post-conviction relief. *State, ex rel. Partee,* v. *McMahon* (1963), 175 Ohio St. 243, 24 O.O. 2d 386, 193 N.E. 2d 266. However, the right is subject to certain limits. One limit previously established is that, *inter alia,* appeal or post-conviction action must be pending at the time the transcript is sought. *State, ex rel. Partee,* v. *McMahon, supra; State, ex rel. Catlino,* v. *Clerk of Courts* (1967), 9 Ohio St. 2d 101, 38 O.O. 2d 255, 224 N.E. 2d 130; *State, ex rel. Clark,* v. *Marshall* (1980), 63 Ohio St. 2d 107, 17 O.O. 3d 65, 406 N.E. 2d 1128. Another limit is that only one copy of a transcript need be provided.

*State, ex rel. Vitoratos,* v. *Walsh* (1962), 173 Ohio St. 467, 20 O.O. 2d 84, 183 N.E. 2d 917, appeal dismissed (1962), 371 U.S. 114.

Here, the record does not indicate appellant has a petition for post-conviction relief pending, but does indicate he has already been provided with one transcript. Accordingly, he has no clear legal right to the relief requested, nor does appellee have a clear duty to provide such relief.

The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.