OPINION
On November 24, 1995, the Licking County Grand Jury indicted appellant, David Kale, on one count of murder with a firearm specification in violation of R.C. 2901.12.
A jury trial commenced on February 12, 1996. The jury found appellant guilty of involuntary manslaughter with the firearm specification. By judgment entry filed February 16, 1996, the trial court sentenced appellant to an indeterminate term of nine to twenty-five years, plus three years actual incarceration for the firearm specification.
On March 6, 1996, appellant filed a notice of appeal. By opinion and judgment entry filed December 11, 1996, this court affirmed appellant's conviction.
On March 19, 1998, appellant filed with the trial court a motion for production of documents. Appellant sought certain documents in order to prepare an appeal to the Supreme Court of Ohio and a post conviction petition. By judgment entry filed April 23, 1998, the trial court denied said motion.
Appellant filed a pro se notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 IN THE COURTS RULING DENYING DEFENDANTS MOTION FOR PRODUCTION OF DOCUMENTS, THE COURT ABUSED ITS DISCRETION, BY ONLY RULING ON THE STATES REPLY TO DENY DEFENDANTS MOTION.
II
 THE COURTS JUDGEMENT (SIC) DENYING DEFEDANT (SIC) RELIEF SOUGHT VIOLATES THE DUE PROCESS AND EQUAL PROTECTION CLAUSE UNDER THE FOURTENTH (SIC) AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA AND ARTICLE I, SECTION TWO AND SIXTEEN OF THE CONSTITUTION OF THE STATE OF OHIO.
 I, II
Appellant claims the trial court erred in denying his request for production of documents. We disagree.
In his motion for production of documents filed March 19, 1998, appellant requested the following documents:
The clerk's Docket Journal Entries;
The original Criminal Complaint;
The Indictment;
The Transcript of the proceedings;
The Verdict of the jury;
The Court's Entry of such verdict onto the record; and,
The Court's Termination Entry of Sentence.
In his motion, appellant argued he needed the documents to prepare an appeal to the Supreme Court of Ohio and a post conviction petition. In his memorandum in support of motion for production of documents filed April 17, 1998, appellant also argued he needed the documents to reopen his appeal pursuant to App.R. 26.
In State ex rel. Murr v. Thierry (1987), 34 Ohio St.3d 45, the Supreme Court of Ohio held a criminal defendant is entitled to relevant portions of a transcript upon appeal or in seeking post conviction relief only if an appeal or post conviction action is pending at the time the transcript is sought. The court further held "only one copy of a transcript need be provided." Id.
Appellant filed a direct appeal of his conviction on March 6, 1996 (Case No. 96CA35). A transcript was prepared at state's expense for this appeal. See, Judgment Entries filed May 29, 1996. By opinion and judgment entry filed December 11, 1996, this court affirmed appellant's conviction. Pursuant to App.R. 26(B), S.Ct.Prac.R. II(2)(A) and R.C. 2953.21, appellant is clearly out of time to file a motion to reopen his appeal, an appeal to the Supreme Court of Ohio or a post conviction petition.
Upon review, we find appellant does not have an appeal or post conviction petition pending, and has already been afforded a transcript. State ex rel. Murr. The trial court did not err in denying appellant's request for production of documents.
Assignments of Error I and II are denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.