Donald V. Dennison appeals the denial of his "Motion requesting all pre-trial documents and trial proceedings" related to his convictions and assigns the following error:
 "The Court of Common Please (sic) abused its discretion in denying said motion as he is entitled to the materials in question not only via this motion but under ORC 149.43 and the Rules of Criminal Code 16."
Appellant pled guilty to Aggravated Murder in violation of R.C. 2903.01, Kidnapping in violation of R.C. 2905.01(B)(1) and (2), and Theft of a Motor Vehicle in violation of R.C. 2913.02. In 1992, we denied appellant's request to file a delayed appeal. In 1997, appellant filed a motion asking the trial court to "furnish him with a true copy of all the pre-trial documents, investigations, test results, warrants, indictments, court appearances, and trial proceedings that pertains (sic) to [his convictions]." The trial court overruled his motion.
Appellant puts forth two arguments to support his only assignment of error: (1) that he is entitled to the records under R.C. 149.43(C); and (2) that he needs the records he requested to prepare a petition for post-conviction relief under R.C. 2953.21.
At the time appellant filed his motion, there was no criminal proceeding in the trial court, so he could not use Crim.R. 16 for discovery. See Crim.R. 1(A). Appellant's motion, although captioned as a motion requesting documents, was actually a request for the court to order the prosecutor and clerk of courts to make records in their possession available to appellant's investigator. This motion is a request for public records, albeit an inartfully drafted one.
A defendant in a criminal case who has exhausted direct appeals of his conviction may not use R.C. 149.43 to support a petition for post-conviction relief. State ex rel. Steckman v.Jackson (1994), paragraph six of the syllabus. Thus, we reject appellant's argument that he is entitled to the records pursuant to R.C. 149.43.
Appellant also argues that the trial court should have granted his motion because he needs the records to prepare a petition for post-conviction relief.[1] We rejected a similar argument in State v. Jones (Dec. 19, 1996), Pickaway App. No. 96CA19, unreported. Jones argued that although the state is not required to provide a copy of a transcript when there is no direct or collateral proceeding challenging the defendant's conviction pending before a court, State ex rel. Murr v.Thierry (1987), 34 Ohio St.3d 45, he was entitled to a transcript because he needed it to prepare his petition for post-conviction relief. In rejecting his argument we stated:
 "appellant may nevertheless establish his right to an evidentiary hearing through the use of affidavits and other documentary materials aside from the trial transcript. See R.C. 2953.21(A)(1), State v. Jackson (1980), 64 Ohio St.2d 107 * * *. If appellant states a colorable claim for post-conviction relief, he may seek a transcript of the trial."
 Jones, 5-6. Thus, appellant's claim that he needs the records for his petition for post-conviction relief does not entitle him to the records. We reject appellant's second argument.
Having rejected both of appellant's argument's we overrule his only assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Kline, P.J. and Abele, J.: Concur in Judgment and Opinion.
For the Court
 BY: ------------------------ William H. Harsha, Judge
 NOTICE TO COUNSEL. Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] Post-conviction relief under R.C. 2953.21 is a civil proceeding.