THE STATE EX REL. CALL, APPELLANT, *v.* ZIMMERS, CLERK, APPELLEE.

[Cite as *State ex rel. Call v. Zimmers* (1999), 85 Ohio St.3d 367.]

(No. 98–2668—Submitted March 9, 1999—Decided April 28, 1999.)

*John W. Call, pro se.*

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Lisa K. North,* Assistant Prosecuting Attorney, for appellee.

*Per Curiam.*  Call asserts that the court of appeals erred in dismissing his mandamus action.  For the following reasons, Call's assertion lacks merit.

First, Call was not entitled to a transcript because his transcript had already been filed in his direct appeal.  *State ex rel. Grove v. Nadel* (1998), 81 Ohio St.3d 325, 326, 691 N.E.2d 275, 276.  Only one copy of a transcript of a criminal trial need be provided to an indigent criminal defendant.  *State ex rel. Murr v. Thierry* (1987), 34 Ohio St.3d 45, 45–46, 517 N.E.2d 226, 227.

Second, although Call claimed that he needed the copy of the transcript to help him prepare an appeal in Supreme Court case No. 98–1264, that appeal was no longer pending when the court of appeals denied the writ.  *State v. Call* (1998), 83 Ohio St.3d 1471, 701 N.E.2d 379.  The right of an indigent prisoner to relevant portions of a transcript is limited to *pending* actions.  *Murr,* 34 Ohio St.3d at 45, 517 N.E.2d at 226–227.

Finally, Call possessed an adequate legal remedy to obtain the requested transcript, *i.e.,* a motion in this court while his latest appeal was pending.  See *State ex rel. Jones v. Montgomery Cty. Court of Common Pleas* (1996), 75 Ohio St.3d 642, 643, 665 N.E.2d 673, 674.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.