[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 367.]

THE STATE EX REL. CALL, APPELLANT, *v.* ZIMMERS, CLERK, APPELLEE.

[Cite as *State ex rel. Call v. Zimmers*, 1999-Ohio-386.]

*Mandamus to compel clerk of common pleas court to provide relator with a free copy of his 1974 criminal trial transcript—Complaint dismissed, when.*

(No. 98-2668—Submitted March 9, 1999—Decided April 28, 1999.)

APPEAL from the Court of Appeals for Montgomery County, No. 17441.

_____

{¶ 1} In 1974, appellant, John W. Call, was convicted of kidnapping and murder, and sentenced to prison. On appeal, the court of appeals affirmed. A transcript of the proceedings was filed in the court of appeals for purposes of the appeal.

{¶ 2} In September 1998, Call filed a complaint in the Court of Appeals for Montgomery County for a writ of mandamus to compel appellee, Craig Zimmers, Clerk of the Montgomery County Common Pleas Court, to provide him with a free copy of his 1974 criminal trial transcript. Zimmers filed a Civ.R. 12(B)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted. In December 1998, the court of appeals granted the motion and dismissed the complaint.

{¶ 3} This cause is now before the court upon an appeal as of right.

_____

*John W. Call*, *pro se*.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Lisa K. North*, Assistant Prosecuting Attorney, for appellee.

_____

*Per Curiam.*

{¶ 4} Call asserts that the court of appeals erred in dismissing his mandamus action. For the following reasons, Call's assertion lacks merit.

{¶ 5} First, Call was not entitled to a transcript because his transcript had already been filed in his direct appeal. *State ex rel. Grove v. Nadel* (1998), 81 Ohio St.3d 325, 326, 691 N.E.2d 275, 276. Only one copy of a transcript of a criminal trial need be provided to an indigent criminal defendant. *State ex rel. Murr v. Thierry* (1987), 34 Ohio St.3d 45, 45-46, 517 N.E.2d 226, 227.

{¶ 6} Second, although Call claimed that he needed the copy of the transcript to help him prepare an appeal in Supreme Court case No. 98-1264, that appeal was no longer pending when the court of appeals denied the writ. *State v. Call* (1998), 83 Ohio St.3d 1471, 701 N.E.2d 379. The right of an indigent prisoner to relevant portions of a transcript is limited to *pending* actions. *Murr*, 34 Ohio St.3d at 45, 517 N.E.2d at 226-227.

{¶ 7} Finally, Call possessed an adequate legal remedy to obtain the requested transcript, *i.e.*, a motion in this court while his latest appeal was pending. See *State ex rel. Jones v. Montgomery Cty. Court of Common Pleas* (1996), 75 Ohio St.3d 642, 643, 665 N.E.2d 673, 674.

{¶ 8} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————