JOURNAL ENTRY AND OPINION
Relator requests that this court compel respondent, the court of common pleas, to rule on his motion for preparation of transcript at state expense filed in State v. Harris, Cuyahoga County Court of Common Pleas Case No. CR-347459. Relator also asserts that he has a right to a copy of the transcript.
Respondent has filed an "answer to petition for writ of mandamus and motion for summary judgment." Initially, we note that Civ.R. 7 distinguishes between pleadings, e.g., answers, and motions. Additionally, respondent's counsel asserts various statements of fact which are not established as evidence in the record as required by Civ.R. 56. As a consequence, respondent's motion for summary judgment is denied.
Nevertheless, we dismiss this action sua sponte. "Only one copy of a transcript of a criminal trial need be provided to an indigent criminal defendant. State ex rel. Murr v. Thierry
(1987), 34 Ohio St.3d 45, 45-46, 517 N.E.2d 226, 227." State exrel. Call v. Zimmers (1999), 85 Ohio St.3d 367, 368,708 N.E.2d 711.
Relator acknowledges that this court affirmed his conviction inState v. Harris (Mar. 4, 1999), Cuyahoga App. No. 73921, unreported. The record in that appeal included a transcript which the court of common pleas ordered be provided at state expense. Relief in mandamus is, therefore, not appropriate.
Furthermore, relator failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions "be supported by an affidavit from the plaintiff or relator specifying the details of the claim."
Accordingly, we dismiss this action sua sponte. Relator to pay costs.
Writ dismissed.
TERRENCE O'DONNELL, J., CONCURS.
 _______________________________ ANN DYKE, ADMINISTRATIVE JUDGE