OPINION
Petitioner Harold D. Brown appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which denied his petition for post conviction relief filed May 2, 2000. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR NO. 1
THE TRIAL COURT DID ABUSE IT'S DISCRETION WHEN IT FAILED TO SUPPLY THE DEFENDANT WITH A COMPLETE COPY OF HIS TRIAL TRANSCRIPT.
 ASSIGNMENT OF ERROR NO. 2
THE TRIAL COURT ABUSED IT'S DISCRETION WHEN IT DENIED THE DEFENDANT'S POST CONVICTION DURING A JULY 7, 1997 HEARING WITHOUT REVIEWING THE DEFENDANT'S TRIAL TRANSCRIPT.
The record indicates appellant was convicted and sentenced in February of 1994 for complicity to aggravated robbery with a firearm and receiving stolen property. This court affirmed appellant's conviction on direct appeal in State v. Brown (April 27, 1995), Licking Appellate No. 94CA22, unreported. Appellant filed a petition for post conviction relief in March of 1996, but withdrew it in April of 1996. Appellant re-filed his petition for post conviction relief in September of 1996, and the trial court denied it on October 22, 1996. On appeal, this court remanded the matter for an evidentiary hearing, see State v. Brown (June 6, 1997), Licking Appellate No. 97CA4, unreported. Upon remand, the trial court held an evidentiary hearing, and then denied appellant's petition for post conviction relief on July 23, 1997. This court affirmed that judgment in State v. Brown (November 24, 1999), Licking Appellate No. 99CA97, unreported. Appellant filed the present petition on May 2, 2000, and the trial court denied it without an evidentiary hearing on June 5, 2000.
R.C. 2953.23 states in pertinent part:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies a retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
Appellant urges he was denied a transcript of his trial which he needed to present his claim for relief. Appellant further alleges the trial court relied on the trial transcript in ruling on his 1997 petition for post conviction relief.
The Ohio Supreme Court has held an indigent prisoner is entitled to relevant portions of the transcript on direct appeal or in seeking post conviction relief, see e.g., State ex rel. Murrv. Thierry (1987), 34 Ohio St.3d 45. However, the Supreme Court in Murr noted the State need provide only one copy of a transcript. In Murr, the Ohio Supreme Court found where an indigent prisoner received a transcript in connection with his direct appeal, he was not entitled to an additional copy during post conviction proceedings, Id.
Here, the docket reflects appellant's motion for a transcript was sustained in 1994, and provided for appellant's direct appeal. Appellant was not prevented from discovery of facts upon which he relied.
We find the appellant has not demonstrated he had met the requirements of R.C. 2953.23 regarding successive petitions for post conviction relief. Accordingly, we find pursuant to statute we may not entertain this petition.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the within appeal is dismissed. Costs to appellant.
 ______________________ GWIN, P.J.,
By EDWARDS, J. GWIN, P.J. and FARMER, J. concurs.