DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a decision of the Fulton County Court of Common Pleas that denied appellant's request for a free transcript. This judgment is affirmed for the reasons that follow.
On February 16, 1995, appellant was indicted on one count of complicity to commit aggravated robbery with a firearm specification, in violation of R.C. 2923.03(A)(2) and 2911.01(A)(1). On March 30, 1995, appellant pled guilty to the offense of complicity to commit aggravated robbery and was sentenced to an indefinite term of ten to twenty-five years. With the consent of the Assistant Prosecuting Attorney, the firearm specification was deleted. On October 29, 1999, appellant filed a motion to withdraw his guilty plea. This motion was granted by the court and the record indicates that on January 15, 2000, appellant entered a new plea of guilty to complicity to commit aggravated robbery, again without the firearm specification. In a judgment entry dated February 25, 2000, the court sentenced appellant to an indefinite term of seven to twenty-five years.
On May 3, 2000, appellant filed a motion for a free copy of the transcipt of the hearing at which he made his second guilty plea as he was indigent. The record indicates that this motion was denied on May 15, 2000. It is from this judgment that appellant now appeals, raising the following assignments of error:
 "1. Appellant Riggs asserts that because Judge Barber declined to inform him of his Limited Rights to Appeal, pursuant to Crim. Rule 32(A)(2) and App. Rule 5, and that he was denied Equal Protection and Due Process of Law under the Fourteenth Amendment of the United State's Constitution, and The Ohio Constitution Artical [sic], Section X and Artical [sic], Section XVI.
 "2. Whether the Trial Court abused its Judicial Discretion in denying Appellant's motion for the production of the transcript preventing him of [sic] having access to the Courts and dening [sic] him Equal Protection and Due Process of Law under the Fifth, Sixth and Fourteenth Amendments of the United State's [sic] Constitution, and Ohio's Constitution Artical [sic] I, Section X, and Artical [sic] I, Section XVI.
 "3. Appellant Riggs asserts that because Judge Barber errored in not giving him the chance to rebut the Fulton County Prosecuting Attorney's Memorandum in Opposition, that he has been denied Equal Protection and Due Process of Law under the Fifth, Sixth, and Fourteenth Amendments of the United State's [sic] Constitution, and the Ohio Constitution Artical [sic] I, Section X, and Artical [sic] I, Section XVI."
In his first assignment of error, appellant takes issue with the validity of his plea by claiming that the Judge did not inform appellant of his "Limited Rights to Appeal." However, this error relates to an alleged error in the court's judgment entry of February 25, 2000. As appellant has not appealed the trial court's February 25, 2000 judgment, this court does not have jurisdiction to consider this argument. Parksv. Baltimore Ohio Railroad (1991), 77 Ohio App.3d 426, 428. Accordingly, appellant's first assignment of error is found not well-taken.
In appellant's second assignment of error, he argues that the court abused its discretion in denying his motion for a transcript of the second hearing at which he pled guilty. The Supreme Court of Ohio has held that an indigent prisoner is only entitled to a free transcript when an appeal or postconviction action is pending. State ex rel. Murr v.Thierry (1987), 34 Ohio St.3d 45, 45. As no such action was, or is, pending in this case, appellant is not entitled to a free transcript. Therefore, appellant's second assignment of error is found not well-taken.
In his third assignment of error, appellant takes issue with the fact that the trial court ruled on his motion for a copy of the transcript without allowing him to file a reply brief to appellee's opposition memorandum. Based on our ruling on the previous assignment of error, we find this assignment of error not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Fulton County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Peter M. Handwork, J.,
JUDGE
James R. Sherck, J., Richard W. Knepper, P.J., CONCUR.