OPINION
In February of 1994, appellant, Harold D. Brown, was convicted of complicity to aggravated robbery with a firearm and receiving stolen property. This court affirmed appellant's conviction on direct appeal. See, State v. Harold Brown (April 27, 1995), Licking App. No. 94CA22, unreported.
On September 19, 1996, appellant filed a petition for postconviction relief. Following a remand by this court and an evidentiary hearing, the trial court denied said petition on July 23, 1997. This court dismissed appellant's appeal as untimely. See, State v. Brown (April 30, 1998), Licking App. No. 97CA115, unreported.
On July 22, 1999, appellant filed another petition for postconviction relief. By judgment entry filed August 19, 1999, the trial court denied the petition. This court affirmed the judgment. See, State v. Brown
(November 24, 1999), Licking App. No. 99CA97, unreported.
On May 2, 2000, appellant filed another petition for postconviction relief. By judgment entry filed June 5, 2000, the trial court denied the petition. This court dismissed the appeal. See, State v. Brown (September 1, 2000), Licking App. No. 00CA52, unreported.
On February 23, 2001, appellant filed a motion to obtain App.R. 9 trial transcripts pursuant to R.C. 149.43. By judgment entry filed April 3, 2001, the trial court denied said motion.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION WHEN IT FAILED TO GRANT THE DEFENDANT'S MOTION TO OBTAIN APPELLATE RULE 9 TRIAL TRANSCRIPTS PURSUANT TO § 149.43 OF THE OHIO REVISED CODE.
 I
Appellant claims the trial court erred in not granting him a copy of his trial transcript pursuant to R.C. 149.43. We disagree.
The trial court specifically found R.C. 149.43 was not applicable as "there are currently no appellate proceedings pending related to this matter" and we concur with this reasoning. See, Judgment Entry filed April 3, 2001. From our review of the docket, there were no pending proceedings at the time of the request and therefore there was no need for a trial transcript. State ex rel. Murr v. Thierry (1987), 34 Ohio St.3d 45. In a prior appeal involving this same appellant, this court addressed this same issue:
 Appellant urges he was denied a transcript of his trial which he needed to present his claim for relief. Appellant further alleges the trial court relied on the trial transcript in ruling on his 1997 petition for post conviction relief.
 The Ohio Supreme Court has held an indigent prisoner is entitled to relevant portions of the transcript on direct appeal or in seeking post conviction relief, see e.g., State ex rel. Murr v. Thierry (1987), 34 Ohio St.3d 45. However, the Supreme Court in Murr
noted the State need provide only one copy of a transcript. In Murr, the Ohio Supreme Court found where an indigent prisoner received a transcript in connection with his direct appeal, he was not entitled to an additional copy during post conviction proceedings, Id.
 Here, the docket reflects appellant's motion for a transcript was sustained in 1994, and provided for appellant's direct appeal. Appellant was not prevented from discovery of facts upon which he relied.
See, State v. Harold Brown (September 1, 2000), Licking App. No. 00CA52, unreported, at 3-4.
We conclude the issue sub judice is governed by the doctrine of resjudicata. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. Further, under Steckman v. Jackson (1994), 70 Ohio St.3d 420, paragraph six of the syllabus, the provisions of R.C. 149.43 are not available when seeking post conviction relief:
 A defendant in a criminal case who has exhausted the direct appeals of her or his conviction may not avail herself or himself of R.C. 149.43 to support a petition for postconviction relief. (State ex rel. Clark v. Toledo [1990], 54 Ohio St.3d 55, 560 N.E.2d 1313, and its progeny, overruled.)
Upon review, we find the trial court did not err in denying appellant's motion to obtain trial transcripts pursuant to R.C. 149.43.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Farmer, J.
Gwin, P.J. and Boggins, J. concur.