OPINION AND JOURNAL ENTRY
On May 8, 2001, pro-se Relator filed an alternative complaint for mandamus or prohibition seeking to obtain a copy of a certain hearing transcript.
At the outset we note that the handwritten complaint provides little direction, as it does not identify with specificity what transcript Relator is attempting to have produced. Relator was involved in probate court proceedings and general division criminal proceedings on multiple capital charges. Reference is made to some hearing conducted on April 15, 2000, but it is unclear in which court the hearing occurred. Respondents direct their response to the criminal proceeding, as the two named reporters were present for the capital trial. We will therefore proceed as if the complaint relates to the criminal matter.
Relator was convicted of four aggravated murders with capital specifications and has been sentenced to death. Mandatory appeal has been filed to the Ohio Supreme Court. As a matter of law the complete trial transcript of proceedings will be prepared in conjunction with the mandatory appeal, for comprehensive review by that court.
On June 6, 2001, Respondents filed a motion to dismiss asserting that the complaint fails to state a cause of action upon which relief may be granted.
In order to establish a right to relief by mandamus, the complainant must demonstrate that the respondent is under a clear legal duty to perform the requested act, that the relator has a clear legal right to the relief prayed for and there is no plain and adequate remedy at law. Stateex rel. Evans v. Industrial Comm. (1992), 64 Ohio St.3d 236 at 238.
In view of the fact that this was a capital case, additional time is ordinarily required to transcribe such an extensive record. Pursuant to Supreme Court Rule of Practice XIX, Section 3(B)(1):
 "(1) The transcript of proceedings shall be prepared by the court reporter appointed by the trial court to transcribe the proceedings for the trial court. The reporter shall transcribe into written form all of the trial court proceedings, including trial, hearing, and other proceedings, whether recorded by any medium, including stenographic means and videotape."
Under subparagraph (4) of that section, the reporter shall certify the transcript as correct and state whether it is complete. If there is a difference whether the record truly discloses what occurred in the trial court, that difference is to be settled by the trial court. (S.Ct. Prac. R. XIX Sec. 3[D]).
As there is a specific rule addressing the composition of the record on appeal and a vehicle to address any purported differences, there exists an adequate remedy at law to assure that a complete record is prepared. SeeState ex rel. Jones v. Montgomery Cty. Court of Common Pleas (1996),75 Ohio St.3d 642, 643.
Moreover, Relator does not have a clear right to a separate copy of the transcript of trial proceedings. As held in State ex rel. Call v.Zimmers (1999), 85 Ohio St.3d 367, 368:
 "Only one copy of a transcript of a criminal trial need be provided to an indigent criminal defendant. State ex rel. Murr v. Thierry (1987), 34 Ohio St.3d 45, 45-46, 517 N.E.2d 226, 227."
In Call the defendant was attempting to obtain a free copy of a trial transcript which had been filed for purposes of his appeal. The Ohio Supreme Court ruled that mandamus was not available to obtain an extra copy of the transcript of proceedings.
Finally, under R.C. 2969.25(A):
 "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
 "(1) A brief description of the nature of the civil action or appeal;
 "(2) The case name, case number, and the court in which the civil action or appeal was brought;
 "(3) The name of each party to the civil action or appeal.
 "(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award."
Relator herein has failed to file the requisite affidavit. Such failure is fatal to the consideration of this original action. See State ex rel.Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421. Moreover, as noted by Respondent, Relator has retained counsel for purposes of his direct appeal. Absent proof of indigency, a litigant is not entitled to a transcript of proceedings at state expense.
For all the above stated reasons, we sustain the Respondent's motion to dismiss this complaint for failure to state a cause of action. Complaint dismissed. Costs taxed against Relator.
Final order. Clerk to serve a copy on all counsel of record or unrepresented party.
DONOFRIO, J., VUKOVICH, J. and WAITE, J., concurs