DECISION
Defendant-appellant, Dennis J. Waddell, appeals from a judgment of the Franklin County Court of Common Pleas denying defendant's motion for production of a trial transcript at state expense. Defendant does not assign an error, but instead sets forth an argument, which we construe as an assignment of error:
 An Indigent defendant should be granted a copy of his trial transcript proceeding, as a matter of right, to pursue post appeal and post-conviction remedies provided by the state.
Because the trial court properly denied defendant's request for a trial transcript at state expense, we affirm.
By indictment filed April 30, 1999, defendant was charged with one count of attempted murder in violation of R.C. 2923.02 as it relates to R.C. 2903.02, and three counts of felonious assault in violation of R.C.2903.11, all with firearm specifications pursuant to R.C. 2941.145. Following a jury trial, defendant was found guilty of attempted murder and one count of felonious assault, as well as the accompanying specifications. On appeal, this court affirmed. State v. Waddell (Aug. 15, 2000), Franklin App. No. 99AP-1130, unreported, discretionary appeal not allowed, 90 Ohio St.3d 1490. In connection with that appeal, defendant moved for, and was provided, a trial transcript at state expense.
On April 19, 2001, defendant filed a "Motion for Production of Transcripts by Indigent Defendant." On May 24, 2001, the trial court overruled defendant's motion, noting that, through his attorney, defendant had received a transcript at state expense. The court also noted the time for appeal and for post-conviction relief had expired.
Defendant appeals, asserting the trial court erred in overruling his motion for production of a second transcript at state expense. More particularly, defendant contends that although his case has been heard on direct appeal and the time for post-conviction relief has expired, he nonetheless has the right to seek relief under App.R. 26(B) and then will need a trial transcript. In support, defendant cites case law that indicates an indigent defendant is entitled to relevant portions of the transcript at state expense. Defendant, however, does not dispute that a transcript at state expense was provided for purposes of his direct appeal. The issue on appeal thus resolves to whether defendant is entitled to a second transcript at public expense.
"A criminal appellant is not entitled to a second copy of his or her transcript at the state's expense." State v. Edwards (Aug. 14, 1998), Lucas App. No. L-98-1079, unreported, citing State ex rel. Murr v. Thierry (1987), 34 Ohio St.3d 45 and State ex rel. Vitoratos v. Walsh (1962), 173 Ohio St. 467. Indeed, in similar circumstances, the court in Allan v. Doneghy (Feb. 27, 1995), Lucas App. No. L-95-017, unreported, concluded the defendant, Patrick Allan, was not entitled to a second transcript at state expense for purposes of appealing the denial of his motion for a new trial, as Allan previously had been provided a copy of the transcript at state expense, and that copy was filed with the court during the direct appeal of his conviction. Similarly, defendant was provided a copy of his transcript for purposes of his direct appeal, it was filed in this court, and he is not entitled to a second transcript at public expense. While defendant may purchase public documents for the reasonable cost of duplication, defendant has not raised the matter on appeal, and it therefore is not an issue to be resolved at the present time. See Allan, supra.
Moreover, although defendant contends he seeks the transcript for purposes of an App.R. 26(B) motion, no such motion is pending before the court at this time. Generally, an appeal or other post-conviction proceeding must be pending at the time the transcript is sought. See Thierry, supra; State ex rel. Knight v. Tyack (1982), 5 Ohio App.3d 136; State ex rel. Partee v. McMahon (1963), 175 Ohio St. 243.
For both of the foregoing reasons, defendant's single assignment of error is overruled and the judgment of the trial court is affirmed.
BOWMAN and DESHLER, JJ., concur.