OPINION
{¶ 1} Billy Ray Reynolds appeals from the judgment of the Montgomery County Common Pleas Court denying his request for a copy of his trial transcript.
 {¶ 2} Reynolds was originally convicted of robbery in 1996 and sentenced to prison for a indefinite term of 4-15 years. His conviction was affirmed by us in State v. Billy Ray Reynolds
(June 27, 1997), Mont. App. No. 16110. On September 18, 1997, we denied Reynolds' motion to reopen his appeal on a claim by Reynolds that his appellate counsel was constitutionally ineffective.
 {¶ 3} On June 17, 2003 Reynolds moved for a copy of the trial transcript at State's expense. He filed a notice of appeal from the original judgment of conviction the following day. We later treated this notice of appeal as a premature appeal of the trial judge's refusal to provide him with a copy of the transcript which the trial court entered on July 1, 2003.
 {¶ 4} Only one copy of a transcript of a criminal trial need be provided to an indigent criminal defendant. State ex rel.Call v. Zimmers (1999), 85 Ohio St.3d 367, 1999-Ohio-386,708 N.E.2d 711; State ex rel. Grove v. Nadel (1998),81 Ohio St.3d 325, 326, 1998-Ohio-541, 691 N.E.2d 275, 276; State ex rel. Murrv. Thierry (1987), 34 Ohio St.3d 45, 45-46, 517 N.E.2d 226, 227. An indigent prisoner has a right to relevant portions of a transcript, but only in connection with a pending action. Stateex rel. Call v. Zimmers, supra; State ex rel. Murr v. Thierry,supra. Since Reynolds had no actions pending, he had no right to a copy of the transcript.
 {¶ 5} R.C. 149.43(B)(4) allows an incarcerated defendant to have a free copy of trial records in certain circumstances. These circumstances do not apply to Reynolds since the trial court did not make a finding that a copy of the transcript was necessary for Reynolds to advance a colorable claim for relief.
 {¶ 6} The judgment of the trial court is affirmed.
Fain, P.J. and Young, J., concur.