DECISION AND JUDGMENT ENTRY
{¶ 1} Irvin Franklin Walker appeals the trial court's denial of his request for the production of transcripts. Because Walker's direct appeal is concluded and he does not have a post-conviction relief petition pending, he is not entitled to the transcripts. Walker also argues that the court erred in failing to record a pretrial hearing. This claim could have been raised on direct appeal and Walker cannot now litigate the issue. Therefore, we affirm the trial court's judgment.
 {¶ 2} In September 2001, a Lawrence County Grand Jury indicted Walker on one count of felonious assault and one count of failure to comply with an order or signal of a police officer. The State eventually dismissed the felonious assault charge and a jury found Walker guilty of failure to comply. The court sentenced Walker to four years incarceration and a $5,000 fine. We affirmed Walker's conviction and sentence in State v.Walker, Lawrence App. No. 01CA34, 2002-Ohio-7372.
 {¶ 3} In March 2004, Walker filed a "Petition for Court Order for the Production of Transcript[s]." In his petition, Walker asked the court to order the production of: (1) his arraignment in Lawrence County Municipal Court; (2) the grand jury proceedings in his case; (3) the arraignment held on September 12, 2001; and (4) the pre-trial conference held on October 17, 2001. The court denied Walker's motion.
 {¶ 4} Walker appealed the court's decision, assigning the following errors: "1. The trial court committed prejudicial reversable [sic] error, in denying Petition for Court Order for the Production of Transcript[s]. 2. The trial court committed prejudicial error by failing to adhere to the mandatory requirement(s) of Ohio Rule(s) of Criminal Procedure, and consequently Appellant is denied his constitutional right(s) of due process and equal protection and the criminal conviction in case number 01-CR-126 is unreliable, unconscionable, and other-wise [sic] unlawful, and as such it must be reversed and the Appellant must be discharged from state custody."
 {¶ 5} In his first assignment of error, Walker challenges the trial court's refusal to provide him with transcripts of various court proceedings.
 {¶ 6} The Ohio Supreme Court has held that an indigent prisoner is entitled to relevant portions of a transcript upon appeal or in seeking post-conviction relief. State ex rel. Murr v. Thierry (1987),34 Ohio St.3d 45, 517 N.E.2d 226, citing State ex rel. Partee v. McMahon
(1963), 175 Ohio St. 243, 193 N.E.2d 266. However, this right is subject to certain limits. One limit is that the State is not required to provide an indigent defendant with a copy of a transcript when there is no direct or collateral court proceeding challenging the defendant's underlying conviction. Id.; State v. Jones (Dec. 19, 1996), Pickaway App. No. 96CA19. Because Walker's direct appeal is concluded and he has not filed a post-conviction relief petition, Walker is not entitled to copies of these transcripts.
 {¶ 7} Although Walker argues that he needs these documents in order to prepare his petition for post-conviction relief, we have previously rejected this argument. In State v. Dennison (Mar. 5, 1999), Pickaway App. No. 98CA05, we held that an appellant's claim that he needs records for his petition for post-conviction relief does not automatically entitle him to the records. Rather, he must first make a colorable claim for post-conviction relief and then seek the transcripts.
 {¶ 8} Here, it is questionable whether any of the transcripts Walker requested would even be relevant to a post-conviction relief petition. The trial and sentencing transcripts are already included in the record. Walker must meet a high threshold before the trial court can release copies of grand jury testimony, even post-trial. See State v. Greer
(1981), 66 Ohio St.2d 139, 420 N.E.2d 982, paragraph two of the syllabus (disclosure of grand jury proceedings is only appropriate when the defendant demonstrates both that the ends of justice require disclosure and that there exists a particularized need for disclosure that outweighs the need for secrecy). See, also, State v. Losey (June 3, 1998), Athens App. No. 97CA43. The remaining transcripts Walker seeks appear to address irrelevant or peripheral issues. Therefore, Walker's first assignment of error is meritless.
 {¶ 9} In his second assignment of error, Walker argues that the court erred by failing to record a pretrial hearing held the day before his trial began.
 {¶ 10} Our review of the record indicates that the trial court never scheduled a pretrial hearing in Walker's case and there is no notation on the docket that such a hearing occurred. However, in the trial transcript, the prosecutor asks the court to amend the wording of the indictment and he states "[w]e had a pre-trial on that yesterday." Therefore, it is possible that the court held an impromptu pretrial hearing to address this issue. There is no indication in the record that, assuming such a hearing took place, the proceeding was recorded.
 {¶ 11} Crim.R. 22 requires that "[i]n serious offense cases all proceedings shall be recorded." Crim.R. 2(C) defines a "serious offense" as including any felony. Walker was convicted of a third degree felony and he claims that it was error for the court not to record the pretrial conference concerning the prosecutor's request to amend the indictment.
 {¶ 12} Assuming that a pretrial hearing is a proceeding that must be recorded under Crim.R. 22 and that the court erred in not recording the proceeding, this alleged error should have been raised on direct appeal. See State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus (any issue that was raised or could have been raised at trial or on direct appeal may not be relitigated at a later date). Therefore, Walker cannot now litigate this assignment of error. Walker's second assignment of error is without merit.
 {¶ 13} Having found no merit in either of Walker's assigned errors, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.