DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Edwin K. Roe, appeals the trial court's denial of his request for the production of a transcript. In this case, because Appellant's direct appeal is concluded and there are no current post-conviction motions pending, he is not entitled to the transcript. Therefore, we affirm the trial court's judgment.
 {¶ 2} In March 1999, Appellant was indicted on one count of complicity to escape. The trial court sentenced Appellant to four years incarceration, to run consecutively to the current sentence, pay all court costs and restitution. We affirmed Roe's conviction and sentence inState v. Roe, (July 19, 2000), Ross App. No. 99CA2525.
 {¶ 3} In November 2003, Appellant filed a motion for a trial transcript at the State's expense. The trial court denied the motion, stating that one transcript of the trial proceedings was furnished to Appellant's attorney for purposes of appeal.[2]
 {¶ 4} Appellant appealed that court's decision, assigning the following error:
"The Ross County, Ohio Court of Common pleas erred in not granting appellant's motion for a complete transcript at the state's expense."
 {¶ 5} The Ohio Supreme Court has held, "An indigent prisoner is entitled to relevant portions of a transcript upon, inter alia, appeal or in seeking post-conviction relief. However, this right is subject to certain limits. One limit previously established is that, inter alia, appeal or postconviction action must be pending at the time the transcript is sought." State ex rel. Murr v. Thierry (1987), 34 Ohio St.3d 45,517 N.E. 2d 226, citing State ex rel. Partee v. McHahon (1963),175 Ohio St. 243, 193 N.E.2d 266. The State is not required to provide an indigent defendant with a copy of a transcript when there is no direct or collateral court proceeding challenging the defendant's underlying conviction. Id.; State v. Jones (Dec. 19, 1996), Pickaway App. No. 96CA19, 1996 WL 732454. Appellant's direct appeal is concluded and he has not filed a post-conviction motion, therefore, he is not entitled to a copy of the transcript.
 {¶ 6} "Only one copy of a transcript of a criminal trial need be provided to an indigent criminal defendant." State ex rel. Call v.Zimmers 85 Ohio St.3d 367, 368, 1999-Ohio-386, 708 N.E.2d 711 citingMurr, supra. Appellant's attorney was furnished a copy of the transcript at the State's expense, for purposes of his appeal. We have previously rejected Appellant's argument that without a copy of the transcript he will be denied meaningful access to the appellate system in which he needs to file his petition for post-conviction relief. In State v.Dennison (Mar. 5, 1999), Pickaway App. No. 98CA05, 1999 WL 152260, we held that an Appellant's claim that he needs records for his petition for post-conviction relief does not automatically entitle him to the records. Furthermore, Appellant is required to make a worthy claim for post-conviction relief and then request the transcript.
 {¶ 7} Recently, this court held in State v. Walker (Mar. 22, 2005), Lawrence App. No. 04CA16, that because Appellant's direct appeal was concluded and he did not have a post-conviction relief petition pending, he was not entitled to the transcripts requested. As in Walker,
Appellant's direct appeal is concluded and he has failed to file a post-conviction motion. His assignment of error is meritless. Thus, we affirm the trial court's decision.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion
[2] Transcripts of the jury trial held on November 12 and November 13, 1999, were filed on February 7, 2000.