DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas, in which the trial court denied a motion filed by appellant, Timothy Crawford, for a transcript of the proceedings relative to his plea, conviction, and sentence at state expense. On appeal, appellant, acting pro se, sets forth the following as his sole assignment of error:
 {¶ 2} "Assignment of Error: *Page 2 
 {¶ 3} "The transcripts are necessary to the effective pursuit of Defendant's appeal as of right. The courts [sic] denial of access to inmate's [trial] transcript violated his Constitution Rights. This is a violation of the 14th Amendment Equal Protection and Due Process Clauses as guaranteed by the Sixth Amendment of the United States [sic] Constitution and made applicable to the States by the united States [sic] Constitution."
 {¶ 4} On January 15, 2004, appellant entered a plea of guilty to one count of rape in violation of R.C. 2907.02, a first degree felony. Appellant also pled guilty to one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31, a fourth degree felony ("Count 1"); one count of gross sexual imposition in violation of R.C. 2907.05, a third degree felony ("Count 3"); one count of pandering obscenity in violation of R.C. 2907.321(A)(6), a second degree felony ("Count 10"); and one count of pandering obscenity involving a minor in violation of R.C. 2907.322, a second degree felony ("Count 17"). In exchange for appellant's plea, multiple counts involving similar felony charges were dismissed. After receiving appellant's plea, the trial court found appellant guilty of the above-listed offenses. Immediately thereafter, a sentencing hearing was held, at which it was stipulated that appellant was a sexual predator.
 {¶ 5} On January 22, 2004, the trial court filed a judgment entry in which it designated appellant as a sexual predator and sentenced him to life in prison for the crime of rape, to be followed by concurrent prison terms of one year on Count 1, four years on Count 3, five years on Count 10, and five years on Count 17. Appellant did not file a timely appeal from his conviction and sentence. *Page 3 
 {¶ 6} On May 16, 2006, appellant, acting pro se, filed a motion in the trial court for a complete transcript of the trial court's proceedings relating to his plea, conviction and sentence, at state expense. In support of his motion, appellant stated that he is indigent and the transcript is "necessary to the effective pursuit of [his] appeal * * *." On June 20, 2006, the trial court found appellant was not entitled to a transcript at state expense, since no appellate case was pending. On August 23, 2006, appellant filed a timely notice of appeal from the trial court's judgment.
 {¶ 7} Pursuant to App. R. 4(A), in a criminal case, a party shall file a notice of appeal "within thirty days of the later of entry of the judgment or order appealed * * *." Pursuant to App. R. 5(A), "[a]fter the expiration of the thirty day period provided by App. R. 4(A) * * *, an appeal may be taken by a defendant with leave of the court * * *." In any case, App. R. 9(B) states that an appellant must order the transcript used to prepare his appeal "[a]t the time of filing the notice of appeal."
 {¶ 8} It is well-settled that, on appeal, an indigent criminal defendant is entitled to one copy of the transcript of the lower court's proceedings. State ex rel. Call v. Zimmers (1999), 85 Ohio St.3d 367,368, citing State ex rel. Murr v. Thierry (1987), 34 Ohio St.3d 45,45-46. However, where no direct appeal is pending and leave for a delayed appeal has not been granted, the transcript will not be provided at state expense. State, ex rel. Clark v. Marshall (1980),63 Ohio St.2d 107, citing State ex rel. Catlino v. Clerk of Courts (1967),9 Ohio St.2d 101. *Page 4 
 {¶ 9} As set forth above, appellant did not timely appeal his criminal conviction and sentence pursuant to App. R. 4(A). Instead, appellant is challenging the trial court's denial of his request for a transcript of proceedings in the lower court, so he may review them and prepare a delayed appeal. However, appellant has not yet filed a motion for a delayed appeal pursuant to App. R. 5.
 {¶ 10} On consideration of the foregoing we find that, at this time, appellant is not entitled to a transcript of the trial court's proceedings relating to his plea, conviction and sentence at state expense. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 11} The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1