[Cite as *State v. Evans*, 2017-Ohio-9293.]

STATE OF OHIO )      IN THE COURT OF APPEALS
)ss:    NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA )

STATE OF OHIO                          C.A. No.      17CA0029-M

    Appellee

    v.                               APPEAL FROM JUDGMENT
                                       ENTERED IN THE
JOSEPH R. EVANS                        COURT OF COMMON PLEAS
                                       COUNTY OF MEDINA, OHIO
    Appellant                        CASE No.      08CR0536

DECISION AND JOURNAL ENTRY

Dated: December 29, 2017

---

HENSAL, Presiding Judge.

{¶1}    Joseph Evans appeals from the judgment of the Medina County Court of Common Pleas.  We affirm.

I.

{¶2}    This appeal involves a pro se criminal defendant's motion for a copy of the trial transcripts at the State's expense.  Much of the procedural history of this case is set forth in this Court's prior decision in *State v. Evans*, 9th Dist. Medina No. 09CA0049-M, 2010-Ohio-3545.  Relevantly, a jury found Mr. Evans guilty of two counts of rape of a minor and one count of the lesser included offense of gross sexual imposition.  *Id.* at ¶ 2.  Mr. Evans appealed, and this Court affirmed his convictions.  *Id.* at ¶ 35.

{¶3}    While Mr. Evans's direct appeal remained pending with this Court, he filed a petition for post-conviction relief with the trial court, which the trial court denied.  This Court affirmed the trial court's decision.  *State v. Evans*, 9th Dist. Medina No. 12CA0044-M, 2013-

Ohio-1216. Over four years later, Mr. Evans filed a "Motion for Copy or Use of Court Transcripts at the State's Expense for Preparation of a Motion for Resentencing" wherein he requested a complete copy of the trial and sentencing transcripts, or, alternatively, "use of the complete transcripts on loan to him or the Warden of Trumbull Corrections Institution for a period of time to be designated by [the trial court]."

{¶4} The trial court denied Mr. Evans's motion, noting that Mr. Evans had already filed a direct appeal, as well as an appeal of the denial of his petition for post-conviction relief, both of which were unsuccessful. It further noted that it previously provided Mr. Evans with a copy of the transcripts for his direct appeal, and that any new appeal or motion would be untimely. The trial court ultimately concluded that Mr. "Evans is not entitled to a new copy of the transcript at [the] State's expense each time he files a pro-se motion." Mr. Evans has appealed, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR COPY OR USE OF COURT TRANSCRIPTS AT THE STATE'S EXPENSE FOR PREPARATION OF A MOTION FOR RESENTENCING, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION [] 10 OF THE OHIO CONSTITUTION.

{¶5} In his sole assignment of error, Mr. Evans argues that the trial court erred by denying his motion for a copy or use of the transcripts, which he needs in order to be able to file a motion for resentencing. He argues that, since a court can disregard an assignment of error if the appellant fails to provide citations to the record, he is entitled to a copy of the trial and sentencing transcripts at the State's expense.

{¶6} Prior to addressing the merits of Mr. Evans's argument, this Court must sua sponte address whether the order under review is a final, appealable order. *Sunkin v. Collision Pro, Inc.*, 174 Ohio App.3d 56, 2007-Ohio-6046, ¶ 8 (9th Dist.). In *State v. Tripodo*, the Ohio Supreme Court acknowledged that an order denying an indigent defendant's request for transcripts is a final, appealable order. 50 Ohio St.2d 124, 126-128 (1977). There, the defendant filed a motion for a transcript of the proceedings, but the trial court's judgment entry denying the request "was never made final by a judgment entry properly journalized." *Id.* at 126. In acknowledging that such an order would be final and appealable, the Ohio Supreme Court stated that "[i]t is unfortunate that the trial court or the parties did not place a judgment entry on the record in the trial court so that the premature notice of appeal could then be based on a final judgment vesting the Court of Appeals with subject matter jurisdiction." *Id.* at 127. Relying upon *Tripodo*, the Court of Appeals for the Second, Fifth, Eighth, and Tenth Districts have determined that such an order is a final, appealable order. *State v. Clark*, 2d Dist. Greene No. 97CA27, 1998 Ohio App. LEXIS 2695, *13 (June 19, 1998); *State v. Hewitt*, 5th Dist. Stark No. 2016CA00067, 2016-Ohio-5762, ¶ 12-16; *State v. Majid*, 8th Dist. Cuyahoga No. 102154, 2015-Ohio-2406, ¶ 4; *State v. Hatfield*, 10th Dist. Franklin No. 11AP-1045, 2012-Ohio-3473, ¶ 5. Further, this Court, among others, has implicitly acknowledged that such an order is a final, appealable order. *State v. McKinstry*, 9th Dist. Summit Nos. 16540, 16545, 1994 Ohio App. LEXIS 1480, *1 (Apr. 6, 1994); *State v. Buder*, 6th Dist. Wood No. WD-11-036, 2012-Ohio-386, ¶ 1; *State v. Walker*, 4th Dist. Lawrence No. 04CA16, 2005-Ohio-1584, ¶ 6.

{¶7} Despite the Ohio Supreme Court's ruling in *Tripodo*, the Court of Appeals for the Seventh and Eleventh Districts have held that an order denying a request for transcripts is not a

final, appealable order. In reaching that conclusion, those courts noted that the defendant did not have any pending actions at the time the defendant filed the request. *State v. Jones*, 7th Dist. Mahoning No. 14 MA 46, 2015-Ohio-1707, ¶ 18 (noting that it previously denied an appeal relating to a defendant's request for transcripts because the defendant "did not have pending in the trial court any action to warrant review of the trial transcripts * * *."); *State v. Miller*, 11th Dist. Trumbull No. 2015-T-0022, 2015-Ohio-2986, ¶ 5-6 (determining that such an order was not final and appealable because the defendant made the request in anticipation of filing a petition for post-conviction relief, but did not have any pending actions). While we are mindful of case law indicating that an indigent defendant's right to relevant portions of a transcript is limited to pending actions, that analysis addresses the merits, not the finality, of such an order. *See, e.g.*, *State ex rel. Call v. Zimmers*, 85 Ohio St.3d 367, 368 (1999) (addressing the merits of the appeal, but indicating that the defendant had no pending actions); *State ex rel. Murr v. Thierry*, 34 Ohio St.3d 45, 45 (1987) (same). This Court is bound by the Ohio Supreme Court's decision in *Tripodo*, and is further persuaded by the Second, Fifth, Eighth, and Tenth Districts' reliance upon *Tripodo*. We, therefore, hold that the underlying order is a final, appealable order, and now turn to the merits of this appeal.

{¶8} The Ohio Supreme Court has consistently held that an indigent criminal defendant is only entitled to one copy of a transcript. *State ex rel. Call v. Fragale*, 104 Ohio St.3d 276, 2004-Ohio-6589, ¶ 9, quoting *Zimmers* at 368; *Thierry* at 45 (stating same). Here, the record reflects that Mr. Evans received a copy of his transcript in connection with his direct appeal. Despite Mr. Evans's arguments to the contrary, he was not entitled to an additional copy at the State's expense. *Fragale* at ¶ 9. The trial court, therefore, did not err when it denied his request.

*Id.* at ¶ 10; *State v. Davis*, 9th Dist. Summit No. 16875, 1994 Ohio App. LEXIS 4724, *6-7 (Oct. 19, 1994). Accordingly, Mr. Evans's assignment of error is overruled.

III.

**{¶9}** Joseph Evans's assignment of error is overruled. The Judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, J.
<u>CONCURS.</u>

CARR, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶10}  I respectfully concur in the Court's judgment.  Evans is merely asking for access to a transcript that already exists, not an additional copy of the transcript at the State's expense. Either way, I agree that Evans cannot prevail here as this is not the proper vehicle to gain access to a transcript.

<u>APPEARANCES:</u>

JOSEPH R. EVANS, pro se, Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.