DECISION AND JUDGMENT ENTRY
{¶ 1} This is a pro se appeal from a judgment of the Lucas County Court of Common Pleas that denied appellant, David L. Adkin's motion for transcripts at state expense. Based on our reasoning below, this court affirms the trial court's judgment.
 {¶ 2} On May 29, 2002, a jury found appellant guilty on two counts of aggravated robbery with the specifications that he had a firearm about his person during the commission of those offenses. He was sentenced to 17 years in prison. On February 5, 2003, appellant filed a "petition to vacate or set aside judgment of conviction or sentence." On April 16, 2004, appellant filed a "motion for preparation of complete transcript of proceedings at state expense." Appellant alleged that the transcript was necessary towards his effective pursuit of an App.R. 26(B) motion to reopen his direct appeal. On May 13, 2004, the trial court denied appellant's motion. Appellant now appeals setting forth the following assignment of error:
 {¶ 3} "The trial court errored [sic] in not granting motion for preparation of a complete trial transcript of proceedings."
 {¶ 4} An indigent criminal defendant has a constitutional right to be provided with a transcript of prior proceedings, at state expense, when that transcript is needed for an effective defense or appeal. State v.Arrington (1975), 42 Ohio St.2d 114. That right, however, is limited to the state paying for the court reporter to transcribe the proceedings and that original transcript being filed with the clerk for inclusion in the record of the case for appellant's appeal. The Ohio Supreme Court has given a clear pronouncement on this issue which we must follow. See Stateex rel Ralston v. Hill, (1981), 65 Ohio St. 2d. 58.
 {¶ 5} It is undisputed in this case that appellant was provided a copy of his transcript for purposes of his direct appeal. "A criminal appellant is not entitled to a second copy of his or her transcript at the state's expense." State v. Edwards (Aug. 14, 1998), Lucas App. No. L-98-1079, citing State ex rel. Murr v. Thierry (1987), 34 Ohio St. 3d 45, and State ex rel. Vitiates v. Walsh (1962), 173 Ohio St. 467. Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 6} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J. Concur.