DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which denied appellant's motion for preparation of an additional transcript of trial at the state's expense following denial of appellant's direct appeal *Page 2 
and denial of appellant's motion to certify the matter to the Supreme Court of Ohio. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Lamonte B. Hopings, sets forth the following two assignments of error:
 {¶ 3} "1 The Lucas County Common Pleas court abused it's [sic] discretion, and prejudiced the Defendant-Appellant by denying the Defendant-Appellant the right to receive his `FULL TRANSCRIPT OF PROCEEDINGS AT STATE EXPENSE.' This is in violation of the U.S.C.A. Const. Amend. 14 DUE PROCESS AND EQUAL PROTECTION.
 {¶ 4} "2 The Lucas County Common Pleas Court violated the Defendant-Appellant's constitutional right embedded in the `EQUAL PROTECTION CLAUSE,' when the trial court denied the Defendant-Appellant access to his Transcript of Proceedings."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. In 2004, appellant was indicted for aggravated murder with a firearm specification. Following jury trial, appellant was convicted of murder with a firearm specification. On March 3, 2005, appellant was sentenced.
 {¶ 6} Appellant filed a direct appeal of his conviction and sentence. Trial transcripts were provided to appellant and were filed on August 8, 2005. On *Page 3 
February 2, 2007, in the matter of State v. Hopings, 6th Dist. No. L-05-1145, 2007-Ohio-450, this court affirmed the trial court conviction and sentence. On June 20, 2007, appellant's motion to certify the case to the Supreme Court of Ohio was denied in a matter of State v.Hopings, 114 Ohio St.3d 1425, 2007-Ohio-2904.
 {¶ 7} On September 27, 2007, appellant filed a motion with the trial court for preparation of an additional trial transcript at the state's expense. On October 1, 2007, appellant's motion for an additional trial transcript was denied. This appeal ensued.
 {¶ 8} The basis of this appeal revolves around whether the trial court abused its discretion in its denial of appellant's motion for an additional trial transcript. As such, we will consider both of appellant's assignments of error simultaneously.
 {¶ 9} This court has previously considered and ruled upon the precise issue in dispute in the matter at hand. This controlling precedent is determinative of the outcome of this case. In a matter of State v.Adkins, 6th Dist. No. L-04-1143, 2005-Ohio-3203, we ruled when confronted with analogous circumstances, "It is undisputed in this case that appellant was provided a copy of his transcript for purposes of his direct appeal. `A criminal appellant is not entitled to a second copy of his or her transcript at the state's expense.' State v. Edwards (Aug. 14, 1998), Lucas App. No. L-98-1079, citing State ex rel. Murr v.Thierry (1987), *Page 4 34 Ohio St.3d 45 and State ex rel. Vitiates v. Walsh (1962), 173 Ohio St. 467." Likewise, in the case at hand, appellant is not entitled to an additional copy of his transcript at the state's expense. Appellant's two assignments of error are found not well-taken.
 {¶ 10} Wherefore, we find that substantial justice has been done. The judgment of the Lucas County Court of Common Pleas is affirmed.
 {¶ 11} Appellant is ordered to pay the costs of this appeal pursuant to App.R.24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1