DECISION AND FINAL JUDGMENT ENTRY
{¶ 1} This matter is before the Court on the petition for a writ of mandamus filed by
 {¶ 2} Relator, Augustus Franklin, on October 24, 2005. Respondent, Greene County Clerk of Courts, filed its answer on November 18, 2005. In its answer the Respondent asserts that the requested act has already been performed, and thus requests that Relator's petition be dismissed.
 {¶ 3} The facts relevant to this action are as follow: On December 27, 2005, the Relator filed a notice of appeal with this Court from the trial court's denial of his motion to withdraw his guilty plea.[1] In his appeal, Relator filed a motion on March 7, 2005, asking for the production of certain evidence and a copy of the transcript be made part of the record at the State's expense. On April 19, 2005, we denied Relator's motion as it pertained to the production of certain evidence, but granted his request that a copy of the transcript of the post-conviction proceedings be made part of the record on appeal at the State's expense. In granting Appellant-Relator's motion in part, we ordered that an amended App. R. 11(B) notice be issued upon the filing of the transcript. On April 21, 2005, a transcript of the post-conviction proceedings was filed with the clerk and made part of the record, and the amended App. R. 11(B) notice was issued that same day.
 {¶ 4} In his petition for a writ of mandamus Relator claims that he has never received a copy of the transcript. To be entitled to a writ of mandamus, the petitioner must demonstrate: (1) that he has a clear legal right to the relief requested; (2) that the respondent is under a clear legal duty to perform the requested act; and (3) that the petitioner has no plain and adequate remedy in the ordinary course of law. State ex rel.Luna v. Huffman (1996), 74 Ohio St.3d 486, 487, 659 N.E.2d 1279.
 {¶ 5} An indigent defendant is entitled to have a copy of a transcript prepared at the State's expense when a post-conviction appeal is proceeding. State ex rel. Murr v. Thierry (1987),34 Ohio St.3d 45, 45-46. However, the clerk of courts is not required to provide the indigent defendant with his own free, personal copy of the transcript in addition to the copy filed with the court of appeals. State ex rel. Greene v. Enright
(1992), 63 Ohio St.3d 729, 732. If the Relator wishes to have his own personal copy of the transcript to review, he must pay for it.
 {¶ 6} In the instant case, a copy of the transcript of the post-conviction proceedings has been prepared, at State's expense, and made part of the record on appeal. The Relator does not have a clear legal right, nor does the Respondent have a clear legal duty, to provide the Relator with his own free, personal copy of the transcript. Thus, as there is neither a clear legal right nor clear legal duty to the requested relief, mandamus will not lie.
 {¶ 7} Furthermore, the Relator has failed to properly caption his application for a writ of mandamus. "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." R.C.2731.04 (West 2005). Failure to properly caption an original action petition is grounds for denying the writ and dismissing the petition. Maloney v. Court of Common Pleas of Allen County
(1962), 173 Ohio St. 226.
 {¶ 8} Upon due consideration of the foregoing, Relator's petition for a writ of mandamus is sua sponte DENIED and this matter is DISMISSED.
IT IS SO ORDERED.
Brogan, Presiding and Administrative Judge.
Wolff, Jr., Judge.
Donovan, Judge.
To the Clerk: Pursuant to Civil Rule 58(B), please serve on all parties not in default for failure to appear notice of judgment and its date of entry upon the journal.
[1] State v. Franklin, Greene County App. No. 2004-CA-127.