[Cite as *State v. Taylor*, 2016-Ohio-1100.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 26327 |
| | : | |
| v. | : | Trial Court Case No. 2011-CR-4317 |
| | : | |
| DARREN D. TAYLOR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 18th day of March, 2016.

. . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

DARREN D. TAYLOR, Inmate No. 685-345, Lebanon Correctional Institution, 3791 State Route 63, P.O. Box 56, Lebanon, Ohio 45036
    Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} In this case, Defendant-Appellant, Darren Taylor, appeals pro se from a trial court decision denying Taylor's motion for a copy of his complete court file and transcript

of proceedings. In support of his appeal, Taylor contends that the trial court abused its discretion and unconstitutionally denied him access to the courts when it overruled his motion.

{¶ 2} We conclude that the trial court did not err in denying Taylor's request. A free copy of the trial transcript was made available during Taylor's direct appeal, and if Taylor wanted an additional copy, he was required to pay for it. Furthermore, the appropriate method of requesting public records is through a mandamus action. Even if Appellant's request could be construed as a mandamus action (which it was not), the trial court properly denied his request, because a defendant may not seek information under R.C. 149.43 to support a post-conviction petition. Accordingly, the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

{¶ 3} In May 2013, Taylor was convicted and sentenced on two counts of murder and accompanying firearm specifications following a five-day jury trial. Taylor was then sentenced to an aggregate prison term of thirty-six years to life. Taylor appealed from his conviction and sentence, and we affirmed the judgment of the trial court on June 13, 2014. *See State v. Taylor*, 2d Dist. Montgomery No. 25764, 2014-Ohio-2550.

{¶ 4} On June 17, 2014, Taylor filed a motion with the trial court, seeking a complete copy of his court file and transcripts of the proceedings, at State expense. On July 2, 2014, the trial court denied the motion as moot, noting that the court had appointed appellate counsel for Taylor on May 31, 2013, and that the transcript of the proceedings had been filed with our court on September 19, 2013. Taylor filed a pro se notice of appeal from this decision on July 25, 2014.

{¶ 5} In September 2014, we issued a show cause order, asking Taylor to show cause why the appeal should not be dismissed for lack of a final appealable order. After Taylor responded, we dismissed the appeal on December 12, 2014, for lack of a final appealable order. We subsequently granted Taylor's motion for reconsideration, and reinstated the appeal on July 1, 2015. Both the State and Taylor have now filed briefs regarding this matter, and the case is ready for disposition.

## II. The Trial Court's Alleged Abuse of Discretion

{¶ 6} Taylor's sole assignment of error states that:

[The] Trial Court Abused Its Discretion and Denied Pro Se Appellant His Fundamental and Constitutionally Protected Rights of Access to the Courts When It Denied Pro Se Appellant a Complete Copy of Court File and Transcripts for Pro Se Appellant to Seek State and Federal Post-Conviction Relief.

{¶ 7} Under this assignment of error, Taylor argues that his rights to due process and equal protection were violated by the trial court's failure to provide him, personally, with a copy of the transcripts and court file. Taylor further contends that he has complied with requirements for obtaining the transcripts, in that: (1) he alleged that he is seeking the transcripts for use in a collateral proceeding; and (2) he made an effort to obtain the materials from counsel who acted in his behalf. In order to establish these latter facts, Taylor has attached various letters to his brief. In the letters, which were written during the pendency of his direct appeal, Taylor asked his appellate attorney to provide him with transcripts and the court record. We will not consider these letters, since they were not part of the trial court record. *See, e.g., State v. Bellamy*, 181 Ohio App.3d 210, 2009-

Ohio-888, 908 N.E.2d 522, ¶ 21 (2d Dist.), citing *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus.

{¶ 8} Before addressing the merits of the case, we will briefly consider whether the order in question is a final appealable order. Whether we have jurisdiction over an appeal is a matter that we can raise on our motion. *Care Risk Retention Group v. Martin*, 191 Ohio App.3d 797, 2010–Ohio–6091, 947 N.E.2d 1214, ¶ 97 (2d Dist.), citing *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544, 684 N.E.2d 72 (1997).

{¶ 9} R.C. 2505.02(B) provides that orders are final and may be reviewed if they fit within one of several categories, including "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment"; or "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." R.C. 2505.02(B)(1) and (2).

{¶ 10} In a recent decision, the Eleventh District Court of Appeals held that a trial court order denying a defendant's motion for production of his transcript was not a final appealable order. *State v. Miller*, 11th Dist. Trumbull No. 2015-T-0022, 2015-Ohio-2986, ¶ 4-5. Although the discussion of this point in *Miller* is brief, the court appears to have concluded that the order did not affect a substantial right because the defendant did not have a pending case; instead, he was requesting the transcript "in anticipation of filing a petition for post-conviction relief." *Id.* at ¶ 5. The court also noted that the defendant was not entitled to a transcript because a transcript had already been filed during his direct appeal. *Id. See also State v. Jones*, 7th Dist. Mahoning No. 14-MA-46, 2015-Ohio-1707 (holding that an order denying a request for trial transcripts was not a final appealable order, because the defendant did not "have pending in the trial court any

action to warrant review of the trial transcripts, and an indigent's right to a transcript is for use in a direct appeal, not for the circumstances presented here." *Id.* at ¶ 18.) However, the court in *Jones* did go on to consider the defendant's arguments. *Id.* at ¶ 49-50.

**{¶ 11}** Our court and others have taken a contrary position, i.e., have concluded that orders denying a request for transcripts are final appealable orders. *See, e.g., State v. Clark,* 2d Dist. Greene No. 97 CA 27, 1998 WL 321007, *5 (June 19, 1998)*; State v. Hatfield*, 10th Dist. Franklin No. 11AP-1045, 2012-Ohio-3473, ¶ 5, citing *Clark*; and *State v. Majid*, 8th Dist. Cuyahoga No. 102154, 2015-Ohio-2406, ¶ 4, citing *Clark.*

**{¶ 12}** In other cases, appellate courts have simply ruled on appeals without considering whether the trial court's decision denying a request for a transcript was a final appealable order. *See State v. Buder*, 6th Dist. Wood No. WD-11-036, 2012-Ohio-386, ¶ 4; *State v. Bayles*, 8th Dist. Cuyahoga No. 88094, 2007-Ohio-1008, ¶ 12; *State v. Walker*, 4th Dist. Lawrence No. 04CA16, 2005-Ohio-1584, ¶ 6; and *State v. McKinstry,* 9th Dist. Summit No. 16540, 1994 WL 119370, *1 (Apr. 6, 1994).

**{¶ 13}** When we granted Taylor's motion for reconsideration and reinstated his appeal, we stated that "[w]hether Taylor has the right he asserts, the denial of an indigent defendant's request for a transcript does affect a substantial right." *State v. Taylor*, 2d Dist. Montgomery No. 26327 (July 1, 2015), p. 2, citing generally to *State ex rel. Partee v. McMahon*, 175 Ohio St. 243, 245, 193 N.E.2d 266 (1963).

**{¶ 14}** A "substantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). As a general matter, orders affect substantial rights where appropriate relief will be foreclosed in the future if the order is not

immediately appealable. *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, ¶ 44. In the case before us, whether Taylor's motion in the trial court should have prevailed on the merits is not the point; absent an appeal, Taylor would be precluded from appropriate relief in the future. Accordingly, we conclude that the denial of Taylor's motion is a final appealable order.[1]

{¶ 15} On the substantive issues, however, Taylor's assignment of error is without merit. In *State, ex rel. Greene, v. Enright*, 63 Ohio St.3d 729, 590 N.E.2d 1257 (1992), the Supreme Court of Ohio observed that:

> The fundamental constitutional right of access to the courts requires that prisoners have a meaningful opportunity to present claims to the courts. *Bounds v. Smith* (1977), 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72. Therefore, when a state grants persons convicted a direct appeal as of right, equal protection and due process of law require that a state furnish appellate courts with trial transcripts in cases involving indigent defendants when transcripts are needed for a full and effective defense on appeal.

(Citations omitted.) *Id.* at 730. However, "the state is under a duty to file at state expense only a *single* transcript with the court of appeals." (Emphasis sic.) (Citation omitted.) *Id.* at 731. *Accord State ex rel. Franklin v. Greene Cty. Clerk of Courts*, 2d

---

[1] We do note that in *State v. Pierce*, 2d Dist. Montgomery No. 25199, 2013-Ohio-1372, we concluded that an order denying a defendant's post-trial request for grand jury transcripts was not a final appealable order, either as an order denying a provisional remedy, or as an order affecting a substantive right. *Id.* at ¶ 16-17. We rejected the order as being ancillary to a court proceeding because no court proceeding was currently in existence. *Id.* at ¶ 16. We also rejected the idea that the right to the transcript was a substantial right, because the right to inspect grand jury transcripts is a discretionary right for use only before or during trial. *Id.* at ¶ 14, citing *State v. Greer*, 66 Ohio St.2d 139, 420 N.E.2d 982 (1981), paragraph two of the syllabus. And, again, there was no pending action. *Id.* at ¶ 17. This right is considerably more limited than the right to trial transcripts, and the circumstances are different. *Pierce*, therefore, is distinguishable from the case before us.

Dist. Greene No. 05-CA-125, 2005-Ohio-7087, ¶ 5 (stressing that "the clerk of courts is not required to provide the indigent defendant with his own free, personal copy of the transcript in addition to the copy filed with the court of appeals," and that "[i]f the Relator wishes to have his own personal copy of the transcript to review, he must pay for it.")  We made the same observation again in *Kenard v. Tucker*, 2d Dist. Montgomery No. 21378, 2005-Ohio-6834, ¶ 8.

{¶ 16} The Supreme Court of Ohio has repeatedly adhered to the position that defendants are not entitled to a transcript where the transcript has already been filed in their direct appeal, and that only one copy of the transcript of criminal trials must be provided to indigent criminal defendants.  *See State ex rel. Call v. Zimmers*, 85 Ohio St.3d 367, 368, 708 N.E.2d 711 (1999), citing *State ex rel. Grove v. Nadel*, 81 Ohio St.3d 325, 326, 691 N.E.2d 275 (1998) and *State ex rel. Murr v. Thierry*, 34 Ohio St.3d 45, 517 N.E.2d 226 (1987).

{¶ 17} Another limitation is that an "appeal or post-conviction action must be pending at the time the transcript is sought."  *Murr* at 45, citing *Partee,* 175 Ohio St. at 243,193 N.E.2d 266.   (Other citations omitted.)

{¶ 18} In the case before us, no appeal or post-conviction action was pending when Taylor sought the transcript.   Taylor's appeal had concluded, no post-conviction petition was pending in the trial court, and Taylor's motion for leave to file a delayed appeal in the Supreme Court of Ohio had not yet been filed.   *See* online docket at the Supreme Court of Ohio for *State v. Taylor*, Sup.Ct. Case No. 2014-1406.   However, even if this were otherwise, Taylor was entitled to only one transcript, which had already been filed with our court for purposes of his direct appeal.   If he wished another copy for his

personal use, he was required to pay for it.

**{¶ 19}** Taylor also contends that his request should have been granted pursuant to *Rush v. United States*, 559 F.2d 455 (7th Cir.1977), and *State ex rel. Lacovone v. Kaminski*, 81 Ohio St.3d 189, 690 N.E.2d 4 (1998). In *Rush*, the Seventh Circuit Court of Appeals discussed the public nature of court files, the statutory right of inspection in 28 U.S.C. 753(b), and the extent to which incarcerated persons should be able to access these records for purposes of collaterally attacking their convictions when their incarceration prevents personal visits to a clerk's office. *Id.* at 458-459. Ultimately, the court held that since the transcript in that case already existed, the trial court should enter an order giving the defendant access to the record, as well as providing "appropriate safeguards to maintain the record's integrity * * *." *Id.* at 459.

**{¶ 20}** In a subsequent decision applying *Rush* and the decision of the United States Supreme Court in *United States v. MacCollom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976), a federal district court imposed requirements for access, including that:

> 1. The defendant must exhaust his private sources of access to transcripts and records of the proceedings through and from his trial and appellate counsel.

> 2. The defendant must set forth his efforts to exhaust his personal sources, and the results thereof * * * .

> 3. The defendant must make some showing as to the purpose for which the transcripts are sought from the court.

*United States v. Davidson*, 438 F.Supp. 1253, 1255 (N.D.Ind.1977).

{¶ 21} In a subsequent, related decision involving the same inmate, the Seventh Circuit Court of Appeals declined to rule on the correctness of the procedure that the district court had established, because the inmate had been able to review the records at the prison, and the current appeal involved only whether the restrictions imposed on the inmate's access (time constraints) complied with *Rush*. *United States ex rel. Davidson v. Wilkinson,* 618 F.2d 1215, 1218 (7th Cir.1980). The Seventh Circuit Court of Appeals concluded that the district court did not abuse its discretion by providing only a 30-day review period and by refusing the inmate's request for an extension. *Id.* at 1219.

{¶ 22} In *Davidson*, the Seventh Circuit Court of Appeals noted that the Eighth Circuit Court of Appeals had refused to follow *Rush*, and that the law in the Eighth Circuit "seems to be 'that a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case.' " *Id.* at 1217, fn.2, quoting *United States v. Losing*, 601 F.2d 351, 353 (8th Cir. 1979). (Other citation omitted.)

{¶ 23} Notably, "no other court of appeals has adopted the Seventh Circuit's reasoning, and the Tenth, Eleventh, and Eighth Circuits have explicitly rejected such reasoning." *United States v. Silva*, 2009 WL 1449083, *1, fn. 1 (N.D. Cal., May 21, 2009), citing *Sistrunk v. United States*, 992 F.2d 258, 259-60 (10th Cir.1993); *Hansen v. United States*, 956 F.2d 245, 248 (11th Cir.1992); and *Losing*, 601 F.2d at 353. Ohio has also not adopted the view of the Seventh Circuit Court of Appeals, and we are not required, in any event, to follow decisions of lower federal courts. *See, e.g., State ex rel.*

*Painter v. Brunner,* 128 Ohio St.3d 17, 2011-Ohio-35, 941 N.E.2d 782, ¶ 46 (noting that the Supreme Court of Ohio is " 'not bound by rulings on federal statutory or constitutional law made by a federal court other than the United States Supreme Court.' ")

**{¶ 24}** In *Greene v. Brigano,* 123 F.3d 917 (6th Cir.1997), the Sixth Circuit Court of Appeals affirmed an order granting a conditional writ of habeas corpus to a defendant who had elected to proceed pro se on the direct appeal of his murder conviction, but who had not been given access to the transcript that had been prepared at State expense. Concluding that access to the record for the direct appeal was a necessity, the court held that "the State was required to provide [the defendant] either a copy of that transcript or an alternative that fulfilled the same functions." *Id.* at 920-921, citing *Britt v. North Carolina,* 404 U.S. 226, 227, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). However, the ruling in *Greene* involved a direct appeal of a conviction, not post-conviction proceedings.

**{¶ 25}** Subsequently, the Supreme Court of Ohio upheld the dismissal of an inmate's mandamus action which sought to compel the clerk of courts to send the inmate copies of pleadings in his case, as well as the trial transcript. *Lacovone,* 81 Ohio St.3d at 189-190, 690 N.E.2d 4. The inmate had alleged in the mandamus action that "these records were necessary for him to pursue 'post appeal and postconviction remedies,' that he was constitutionally entitled to the records, and that because of his incarceration, he was 'unable to procure these documents by appearing in person at the Courthouse and requesting them under the Ohio Public Records Act.' " *Id.*

**{¶ 26}** The Supreme Court of Ohio disagreed. The court first noted that the clerk of courts did not have a clear legal duty to transmit copies of the public records to the inmate in prison by mail. *Id.* at 190. The court also distinguished *Greene,* because the

inmate (Lacovone), unlike the inmate in *Greene*, failed to allege that he had been denied access to a free copy of his transcript for purposes of his direct appeal. *Id..* In addition, Lacovone failed to specifically allege that he was unable to have a designee inspect and copy the records. *Id.* at 190-191.

{¶ 27} In the case before us, Taylor alleged in the trial court that he had no designee to inspect and copy records because he [Taylor] was not a resident of the State of Ohio. Whether or not this allegation would be sufficient, Taylor's action was not a mandamus action seeking inspection of public records. The Supreme Court of Ohio has indicated that "mandamus is the appropriate remedy to force compliance with the open-records statute." *State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420, 426, 639 N.E.2d 83 (1994) Accordingly, the procedures discussed in *Lacovone* do not apply to the case before us. Taylor had access to a free transcript for use in his direct appeal, and no more was required. *Lacovone*, 81 Ohio St.3d at 190, 690 N.E.2d 4.

{¶ 28} Furthermore, the Supreme Court of Ohio has also held that " '[a] defendant in a criminal case who has exhausted the direct appeals of her or his conviction may not avail herself or himself of R.C. 149.43 to support a petition for postconviction relief.' " *State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 110 Ohio St.3d 343, 2006-Ohio-4574, 853 N.E.2d 657, ¶ 11, quoting *Steckman* at paragraph six of the syllabus. *Accord State v. Bolling*, 2d Dist. Montgomery No. 22880, 2009-Ohio-4400, ¶ 13 (holding that a defendant may not seek information under R.C. 149.43 to support a post-conviction petition). Accordingly, even if Taylor's motion could somehow have been construed as a mandamus action seeking public records, it was properly denied.

{¶ 29} We did note in *Bolling* that we were taking no position concerning whether

persons other than a defendant might be permitted to obtain information under R.C. 149.43. *Id.* at fn. 1. The same observation applies here.

{¶ 30} Based on the preceding discussion, Taylor's sole assignment of error is overruled.

### III. Conclusion

{¶ 31} Taylor's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J. and HALL, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Kirsten A. Brandt
Darren D. Taylor
Hon. Dennis J. Adkins