[Cite as *State v. Hewitt*, 2016-Ohio-5762.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2016CA00067 |
| | : | |
| MICHAEL HEWITT | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Stark County Court of
                                Common Pleas, Case No. 2013CR1402


JUDGMENT:                       AFFIRMED


DATE OF JUDGMENT ENTRY:         September 6, 2016


APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

JOHN D. FERRERO, JR.                    MICHAEL HEWITT #653-497
STARK CO. PROSECUTOR                    Trumbull Correctional Institution
KRISTINE W. BEARD                       P.O. Box 901
110 Central Plaza S., Ste. 510          Leavittsburg, OH 44430-0901
Canton, OH 44702-1413

*Delaney, J.*

{¶1}   Appellant Michael Hewitt appeals from the March 16, 2016 Judgment Entry of the Stark County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.

{¶3}   Appellant was charged by superseding indictment with one count of murder pursuant to R.C. 2903.02(A) and a firearm specification pursuant to R.C. 2941.145. Appellant entered a plea of not guilty.  In his first jury trial, the jury deadlocked. In the second trial, the jury found appellant guilty as charged. The trial court imposed an aggregate prison term of 18 years to life.

{¶4}   Appellant appealed his conviction and sentence in *State v. Hewitt*, 5th Dist. Stark No. 2014CA00078, 2015-Ohio-1786, motion for delayed appeal granted, 143 Ohio St.3d 1497, 2015-Ohio-4468, 39 N.E.3d 1269, and appeal not allowed, 144 Ohio St.3d 1459, 2016-Ohio-172, 44 N.E.3d 288.  In connection with the direct appeal, on May 19, 2014, the trial court granted appellant's request for a transcript at state expense.

{¶5}   We affirmed appellant's conviction and sentence.  Id.

{¶6}   On March 4, 2016, appellant filed a "Motion for Copy or Use of Court Transcripts at the State's Expense for Preparation of Motion to Reopen (App.R. 26B)." Appellant requested either a complete copy of the transcripts of his trial and sentencing at appellee's expense, or use of the complete transcripts "on loan to him or the Warden of Trumbull Correctional Institution for a period of time to be designated by this Court." The trial court overruled the motion by judgment entry dated March 16, 2016.

{¶7} Appellant initiated the instant appeal from the trial court's entry of March 16, 2016 and appellee filed a motion to dismiss the appeal, arguing the entry is not a final appealable order. Appellant responded with a motion in opposition.

{¶8} On July 8, 2016, we filed a judgment entry stating the motion to dismiss would be taken under advisement. We noted "[t]here appears to be a split among the districts as to whether the denial of a request for transcript is a final order. See discussion in *State v. Taylor*, 2nd Dist. Montgomery No. 26327, 2016-Ohio-1100."

{¶9} As discussed infra, we overruled appellee's motion to dismiss.

{¶10} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶11} "THE TRIAL COURT ERRED AND VIOLATED DEFENDANT-APPELLANT'S DUE PROCESS RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS WHEN IT DENIED HIS MOTION FOR COPY OR USE OF COURT TRANSCRIPTS AT THE STATE'S EXPENSE FOR PREPARATION OF AN APP.R. 26(B) APPLICATION FOR REOPENING."

## ANALYSIS

{¶12} Appellant argues the trial court erred in denying his motion for copy or use of transcripts at appellee's expense for preparation of an application to reopen his appeal. We disagree.

{¶13} Before considering appellant's assignments of error, we must first determine whether appellant's appeal has been taken from a final, appealable order. See, *State ex rel. White v. Cuyahoga Metro. Housing Auth.,* 79 Ohio St.3d 543, 544, 1991–Ohio–366. "Appellate courts have jurisdiction to review the final orders or judgments of

lower courts within their appellate districts." Section 3(B)(2), Article IV, Ohio Constitution. Absent a final order, an appellate court has no jurisdiction to review a matter and such matter must be dismissed. *State v. Sherman*, 5th Dist. Richland No. 2011-CA-0012, 2011-Ohio-5794, ¶ 9, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989) and *Renner's Welding and Fabrication, Inc. v. Chrysler Motor Corp.*, 117 Ohio App.3d 61, 64, 689 N.E.2d 1015 (4th Dist.1996).  In the instant case, appellee moved to dismiss the appeal for lack of a final, appealable order.

{¶14} We find the order of the trial court in this case constitutes a final appealable order.[1]  R.C. 2505.02(B)(1) defines a "final order" as "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment."  R.C. 2505.02(A)(1) defines a "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." We find the order affects appellant's application to reopen his appeal pursuant to App.R. 26(B), which the Ohio Supreme Court described as a rule of

---

[1]     In *State v. Taylor*, 2nd Dist. Montgomery No. 26327, 2016-Ohio-1100, ¶ 10-11, appeal not allowed*,* 146 Ohio St.3d 1471, 2016-Ohio-5108, 54 N.E.3d 1269, the Second District discussed the split among districts on the question whether a trial court's order denying a defendant's motion for production of his transcript is a final appealable order. Decisions finding the order not to be final and appealable include *State v. Miller,* 11th Dist. Trumbull No. 2015–T–0022, 2015–Ohio–2986; and *State v. Jones,* 7th Dist. Mahoning No. 14–MA–46, 2015–Ohio–1707. Decisions finding the order to be final and appealable include *Taylor*, supra, *State v. Clark,* 2d Dist. Greene No. 97 CA 27, 1998 WL 321007, *5 (June 19, 1998); *State v. Hatfield,* 10th Dist. Franklin No. 11AP–1045, 2012–Ohio–3473, ¶ 5, citing *Clark;* and *State v. Majid,* 8th Dist. Cuyahoga No. 102154, 2015–Ohio–2406, ¶ 4, citing *Clark.*  As noted in *Taylor,* some districts have ruled on the appeals without considering the issue of final appealable order: *State v. Buder,* 6th Dist. Wood No. WD–11–036, 2012–Ohio–386, ¶ 4; *State v. Bayles,* 8th Dist. Cuyahoga No. 88094, 2007–Ohio–1008, ¶ 12; *State v. Walker,* 4th Dist. Lawrence No. 04CA16, 2005–Ohio–1584, ¶ 6; and *State v. McKinstry,* 9th Dist. Summit No. 16540, 1994 WL 119370, *1 (Apr. 6, 1994).

procedure "specifically designed to provide for a specialized type of post-conviction process," "designed to offer defendants a separate collateral opportunity to raise ineffective-appellate-counsel claims beyond the opportunities that exist through traditional motions for reconsideration and discretionary appeals to our court or the Supreme Court of the United States." *Morgan v. Eads*, 104 Ohio St.3d 142, 143, 2004-Ohio-6110, 818 N.E.2d 1157, 1158–59, ¶ 8.

{¶15} The Second District Court of Appeals has found that a trial court's denial of a motion for a transcript at public expense, when properly journalized, is a final, appealable order in its own right. *State v. Clark*, 2nd Dist. Greene No. 97 CA 27, 1998 WL 321007, *5 (June 19, 1998), citing *State v. Tripodo*, 50 Ohio St.2d 124, 363 N.E.2d 719 (1977). See contra discussed above in footnote one.

{¶16} Having found the trial court's entry to constitute a final appealable order, we affirm its ruling therein. An indigent prisoner is entitled to relevant portions of a transcript upon, *inter alia,* appeal or in seeking post-conviction relief. *State, ex rel. Partee, v. McMahon*, 175 Ohio St. 243, 24 O.O.2d 386, 193 N.E.2d 266 (1963). The right is subject to certain limits. One limit previously established is that, *inter alia,* the appeal or post-conviction action must be pending at the time the transcript is sought. *State, ex rel. Partee, v. McMahon,* supra; *State, ex rel. Catlino, v. Clerk of Courts*, 9 Ohio St.2d 101, 38 O.O.2d 255, 224 N.E.2d 130 (1967); *State, ex rel. Clark, v. Marshall*, 63 Ohio St.2d 107, 17 O.O.3d 65, 406 N.E.2d 1128 (1980). Another limit is that only one copy of a transcript need be provided. *State, ex rel. Vitoratos, v. Walsh*, 173 Ohio St. 467, 20 O.O.2d 84, 183 N.E.2d 917 (1962), appeal dismissed, 371 U.S. 114, 83 S.Ct. 210, 9 L.Ed.2d 168 (1962).

{¶17} In the instant case, the trial court granted appellant's request for preparation of a transcript at state expense in his direct appeal. Order (Request for Funds), May 19, 2014. "[T]he duty to provide a transcript at State expense extends only to providing one transcript for the entire judicial system. It does not extend to sending the transcript to the indigent person in prison." *State ex rel. Mramor v. Court of Common Pleas*, 8th Dist. Cuyahoga No. 73406, 1997 WL 797796, *1 (Dec. 31, 1997).

{¶18} Appellant argues he needs the transcript to possibly file an application for reopening pursuant to App.R. 26(B). An application for reopening has been described as an appellate post-conviction remedy. See, *Morgan v. Eads*, supra, 2004-Ohio-6110. Appellant has not yet filed an application to reopen or petition for post-conviction relief, and has already been provided with one transcript in his direct appeal. Accordingly, appellant has no right to a second transcript. *State ex rel. Murr v. Thierry*, 34 Ohio St.3d 45, 45–46, 517 N.E.2d 226, 226–27 (1987). See, *State v. Brown*, 5th Dist. Licking No. 01CA49, 2001 WL 1772934, *1–2 (June 21, 2001) [appellant entitled to one copy of transcript which was provided in direct appeal]; *State v. Kale*, 5th Dist. Licking No. 98CA49, 1999 WL 3974, *1–2 (Dec. 7, 1998) [appellant not entitled to second copy of transcript at public expense for preparation of appeal to Supreme Court, post-conviction relief petition, or application to reopen because he was already afforded a transcript in direct appeal].

{¶19} Appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶20} Appellant's sole assignment of error is overruled and the judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J. and

Gwin, P.J.

Hoffman, J., concur.