OPINION AND JOURNAL ENTRY
{¶ 1} Relator, Benjamin Pankey, seeks a writ of mandamus against Respondent, Anthony Vivo in his capacity as Clerk of Courts for Mahoning County, Ohio, ordering that Respondent provide him with a copy of the arraignment, pretrial conference, and trial transcripts in Case No. 06-CR-749. In that case, Relator was convicted of possession of cocaine, in violation of R.C. 2925.11(A), a third degree felony under R.C.2925.11(C)(4). An appeal from Relator's conviction in that case is currently pending before this court in Case No. 07 MA 2, wherein Relator is represented by counsel. According to the allegations in Relator's complaint in mandamus, his attorney has copies of those transcripts, but has not shared those copies with Relator.
 {¶ 2} On October 17, 2007, Respondent moved for judgment on the pleadings pursuant to Civ.R. 12(C). Civ.R. 12(C) allows any party to move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. This type of motion has been characterized as a belated Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. State ex rel. Pirman v. Money, 69 Ohio St.3d 591, 592, 1994-Ohio-0208. This type of motion is specifically designed to resolve questions of law, not factual disputes. State ex rel. Midwest Pride IV,Inc. v. Pontious, 75 Ohio St.3d 565, 570, 1996-Ohio-0459.
 {¶ 3} "[J]udgment on the pleadings may be granted where no material factual issue exists and the moving party is entitled to judgment as a matter of law. The determination is restricted solely to the allegations of the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable *Page 2 
inferences to be drawn therefrom, construed in her favor as true." (Citations omitted) Pirman at 592-593.
 {¶ 4} In other words, we can only grant judgment on the pleadings if the Respondent can demonstrate that Relator can prove no set of facts in support of his claim that would entitle him to relief. MidwestPride IV at 570.
 {¶ 5} In order for a court to issue a writ of mandamus, Relator must demonstrate 1) that he has a clear legal right to the relief prayed for, 2) that Respondent is under a clear legal duty to perform the acts, and 3) that Relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 42.
 {¶ 6} Relator claims that the Respondent's duty arises from two separate sources, Crim.R. 32(B) and the trial court's sentencing order. Relator is correct in arguing that he is entitled to a copy of the requested transcripts under the Criminal Rule. The Ohio Supreme Court has held that an indigent criminal defendant must be provided with one copy of the transcript of a criminal trial if properly requested.State ex rel. Call v. Zimmers, 85 Ohio St.3d 367, 368, 1999-Ohio-0386. However, he mistakenly believes that this means he his entitled to his own, personal copy of those transcripts. The copy filed in Relator's direct appeal is the one copy to which Relator is entitled. Id. Thus, Relator has failed to demonstrate that he has a clear legal right to the relief he prays for under the Criminal Rules.
 {¶ 7} Furthermore, mandamus is not the proper remedy for enforcing a court order. State ex rel. Nationwide Mut. Ins. Co. v. Henson,96 Ohio St.3d 33, 2002-Ohio- *Page 3 
2851. To the extent that Relator believes that Respondent is violating the trial court's sentencing order by not providing him with his own, personal copy of the requested transcripts, he has other, more appropriate remedies at law.
 {¶ 8} For these reasons, Respondent's motion for judgment on the pleadings is granted and Relator's petition for mandamus is dismissed.
 {¶ 9} Costs taxed against Relator. Final order.
 {¶ 10} Clerk to serve notice as provided in the Civil Rules.
Donofrio, J., concurs.
Vukovich, J., concur
 DeGenaro, J., concurs. *Page 1