[Cite as *State v. McColor*, 2017-Ohio-7563.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 16 MA 0053 |
| VS. | ) | |
| | ) | OPINION |
| G. SHANNON J.R. McCOLOR | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from the Court of Common Pleas of Mahoning County, Ohio
Case No. 15 CR 195

JUDGMENT:    Affirmed. Motion granted.

APPEARANCES:

For Plaintiff-Appellee    Attorney Paul Gains
Mahoning County Prosecutor
Attorney Ralph Rivera
Assistant Prosecutor
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503-1426

For Defendant-Appellant    G. McColor
#680-302
P.O. Box 8000
Conneaut, Ohio 44030

Attorney Anthony Farris
860 Boardman-Canfield Road, Suite 204
Youngstown, Ohio 44512

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: September 7, 2017

DeGENARO, J.

{¶1} Defendant–Appellant, G. Shannon J.R. McColor, appeals the trial court's judgment convicting him of one count of aggravated robbery with an attached firearm specification, and sentencing him accordingly. Appointed appellate counsel for McColor has filed a no-merit brief and a request to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), and *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (1970). McColor has filed his own brief assigning errors pro se.

{¶2} All of McColor's pro-se assignments of error are meritless and there are no additional non-frivolous appealable issues. Accordingly, the judgment of the trial court is affirmed, and counsel's motion to withdraw granted.

### Facts and Procedural History

{¶3} The grand jury indicted McColor on two counts of aggravated robbery, R.C. 2913.01(A)(1)(C), first-degree felonies, each with attached firearm specifications, R.C. 2941.145(A). McColor was accused of robbing Huntington Bank and Austintown Video while armed with a firearm.

{¶4} McColor was arraigned, pled not guilty and counsel was appointed. The State moved to dismiss count one of the indictment, without prejudice, because McColor had been federally indicted for the Huntington Bank robbery; the trial court granted the motion.

{¶5} McColor entered into a Crim.R. 11 plea agreement with the State, agreeing to plead guilty to aggravated robbery with an attached firearm specification. In exchange, the State agreed to recommend an eight-year aggregate prison sentence: five years for the aggravated robbery consecutive to the three-year firearm specification. The State also agreed to recommend that the eight-year sentence run concurrently to any sentence imposed in the federal case and another pending Mahoning County case.

{¶6} A plea hearing was held on both state court cases. The trial court engaged in a colloquy with McColor concerning the rights he would give up by pleading guilty and accepted McColor's plea as knowingly, voluntarily and intelligently

made and the matter was continued for sentencing. The parties agreed that due to the joint recommendation for prison and the mandatory prison time required for the firearm specification, that they were waiving the right to have a pre-sentence investigation prepared.

{¶7} During sentencing, the State and defense counsel both advocated for the jointly-recommended sentence. The trial court asked McColor whether he wanted to address the court prior to sentencing and McColor made a brief statement of apology.

{¶8} After considering the record, statements made at sentencing, the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, the trial court proceeded to sentence McColor to the jointly-recommended eight-year aggregate prison sentence: five years for the aggravated robbery to be served consecutive to the three-year firearm specification. The court ordered the eight-year sentence to run concurrently with the sentence imposed in the other state and federal cases. The trial court ordered jail-time credit of 304 days for time already served, plus additional time awaiting conveyance to prison. The trial court imposed five years of mandatory post-release control. Finally, the trial court ordered McColor "to pay court costs in an amount to be determined," and stated that failure to pay court costs could result in the imposition of community service. McColor filed a pro-se motion for delayed appeal which was granted and appellate counsel appointed.

### *Anders* Review

{¶9} An attorney appointed to represent an indigent criminal defendant may seek permission to withdraw if the attorney can show that there is no merit to the appeal. *See generally Anders*, 386 U.S. 738. To support such a request, appellate counsel is required to undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support an appeal. *Toney*, 23 Ohio App.2d at 207. Counsel's motion must then be transmitted to the defendant in order to assert any

error pro se. *Id.* at syllabus. The reviewing court must then decide, after a full examination of the proceedings and counsel's and the defendant's filings, whether the case is wholly frivolous. *Id.* If deemed frivolous, counsel's motion to withdraw is granted, new counsel is denied, and the trial court's judgment is affirmed. *Id.*

**{¶10}** Counsel filed a no-merit brief and we granted McColor 30 days to file a pro-se brief, which he filed, and the State opposed. In the typical *Anders* case involving a guilty plea, the only issues that can be reviewed relate to the plea or the sentence. *See, e.g., State v. Verity*, 7th Dist. No. 12 MA 139, 2013–Ohio–1158, ¶ 11. Thus, these will be addressed first, before turning to McColor's pro-se assignments of error.

**{¶11}** A guilty plea must be made knowingly, voluntarily and intelligently. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224, ¶ 7. If it is not, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03 MA 196, 2004–Ohio–6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Johnson*, 7th Dist. No. 07 MA 8, 2008–Ohio–1065, ¶ 8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

**{¶12}** The trial court must engage in a Crim.R. 11(C) colloquy with the defendant in order to ensure that a felony defendant's plea is knowing, voluntary and intelligent. *State v. Clark*, 119 Ohio St.3d 239, 2008–Ohio–3748, 893 N.E.2d 462, ¶ 25–26. During the colloquy, the trial court is to provide specific information to the defendant, including constitutional and nonconstitutional rights being waived. Crim.R. 11(C)(2); *State v. Francis*, 104 Ohio St.3d 490, 2004–Ohio–6894, 820 N.E.2d 355.

**{¶13}** The constitutional rights the defendant must be notified of are the right against self-incrimination, to a jury trial, to confront one's accusers, to compel witnesses to testify by compulsory process, and to have the state prove guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c); *State v. Veney*, 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 19–21. A trial court must strictly comply with these

requirements. *Id.* at ¶ 31; *State v. Ballard*, 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981). "Strict compliance" does not require a rote recitation of the exact language of the rule. Rather, a reviewing court should focus on whether the "record shows that the judge explained these rights in a manner reasonably intelligible to the defendant." *Id.* at paragraph two of the syllabus.

{¶14} The nonconstitutional rights the defendant must be informed of are the effect of his plea, the nature of the charges, and the maximum penalty, which includes an advisement on post-release control if applicable. Further, a defendant must be notified, if applicable, that he is not eligible for probation or the imposition of community control sanctions. Finally, this encompasses notifying the defendant that the court may proceed to judgment and sentence after accepting the guilty plea. Crim.R. 11(C)(2)(a)(b); *Veney*, 120 Ohio St.3d 176 at ¶ 10–13; *Sarkozy*, 117 Ohio St.3d 86, at ¶ 19–26. The trial court must substantially comply with these requirements. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights she is waiving." *Id.* at 108. In addition to demonstrating the trial court did not substantially comply with Crim R. 11(C)(2)(a)(b) the defendant must also show a prejudicial effect, meaning the plea would not have otherwise been made. *Veney*, 120 Ohio St.3d 176 at ¶ 15 citing *Nero*, 56 Ohio St.3d at 108.

{¶15} The trial court's advisement of McColor's constitutional rights strictly complied with Crim.R. 11(C)(2)(c), and he indicated he understood he was giving up all of the above rights. The trial court also substantially complied with Crim.R. 11(C) when advising McColor of his nonconstitutional rights. Accordingly, based on all of the above, McColor's plea was knowingly, voluntarily, and intelligently entered.

{¶16} Turning to sentencing, appellate courts typically review a felony sentence to determine whether the trial court's findings—or where findings are not required, the sentence itself—are clearly and convincingly unsupported by the record, or whether the sentence is otherwise contrary to law. R.C. 2953.08(G)(2); *State v.*

*Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1; ¶ 23.

**{¶17}** In this case the trial court imposed the sentence jointly-recommended by the defendant and the prosecutor; thus, this court's review is even more limited. "[I]f a jointly recommended sentence imposed by a court is 'authorized by law,' then the sentence 'is not subject to review.' " *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 15, quoting R.C. 2953.08(D)(1). "To be 'authorized by law' under R.C. 2953.08(D)(1), a sentence must comport with all applicable mandatory sentencing provisions." *Sergent* at ¶ 29.

**{¶18}** McColor was afforded his allocution rights pursuant to Crim.R. 32(A)(1). The trial court considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. The eight-year aggregate prison sentence McColor received is within the six to fourteen year sentencing range for the charges. *See* R.C. 2929.14(A)(1) and R.C. 2929.14 (B)(1)(a)(ii). The trial court properly imposed a five-year mandatory term of post-release control and explained the ramifications of violating post-release control. R.C. 2967.28(B)(1). The trial court properly ordered jail-time credit.

### Imposition of Court Costs

**{¶19}** In his first of five pro-se assignments of error, McColor asserts:

> The court below committed prejudicial error by not determining if
> appellant was in fact indigent and could not afford to pay court costs.

**{¶20}** R.C. 2947.23(A)(1)(a), provides, in relevant part: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs."

**{¶21}** Where a defendant is indigent, the trial court has the discretion to waive the payment of court costs pursuant to R.C. 2947.23. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 11.

**{¶22}** However, "[a] motion by an indigent defendant for waiver of the

payment of costs must be made at the time of sentencing." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph two of the syllabus. Otherwise, the issue is waived and costs are res judicata. *Id.* at ¶ 23. *See also State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 231.

**{¶23}** McColor failed to make such a motion during sentencing and thus it is res judicata. Further, the trial court noted that McColor's failure to pay the court costs could result in the imposition of community service, giving McColor another means to satisfy the court cost judgment. R.C. 2947.23 provides, in relevant part:

> (i) If the defendant fails to pay that judgment or fails to timely make payments towards that [court cost] judgment under a payment schedule approved by the court, the court may order the defendant to perform community service until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.
>
> (ii) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

R.C. 2947.23(A)(1)(a)(i)-(ii).

**{¶24}** Thus, McColor's first pro-se assignment of error is meritless.

### Failure to Make a Finding of Guilt

**{¶25}** In his second pro-se assignment of error, McColor asserts:

> The Appellant is denied his fundamental right to liberty where as [sic] here the common pleas court has not rendered a finding of guilt, a procedure that violates the 5th, 6th and 14th Amendments to the United States Constitution.

**{¶26}** McColor asserts that the trial court erred by failing to enter a finding of guilt. However, during the plea hearing, McColor was advised of the effect of entering a guilty plea, and then proceeded to enter guilty pleas to the charge and specification, which the trial court accepted:

> THE COURT: All right. In Case No. 15 CR 195, what is your plea to Count Two, the charge of aggravated robbery, a felony of the first degree?
>
> THE DEFENDANT: Guilty, Your Honor.
>
> THE COURT: What is your plea to count - - and what is your plea to the firearm specification attached to that count?
>
> THE DEFENDANT: Guilty, Your Honor.
>
> * * *
>
> THE COURT: The court finds that the defendant was advised of the effect of his plea pursuant to Criminal Rule 11 and that the plea has been freely and voluntarily made with full knowledge of the consequences.
>
> The court finds that the defendant was advised of, understood and waived all of his constitutional right, that he understood that the court, upon acceptance, could proceed with judgment and sentence. Therefore, the court accepts the pleas to the [charges] in the indictment[.]

**{¶27}** "A defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, syllabus; *see* Crim.R. 11. Further, the trial court explained to McColor that "by pleading guilty to these charges you are admitting you committed a crime of aggravated robbery * * *[,]" and McColor indicated his understanding.

**{¶28}** Further, Crim.R. 32(C) provides, in part, that "[a] judgment of conviction

shall set forth the fact of conviction and the sentence." McColor's sentencing entry appears to comply with Crim.R. 32(C) in that it states that "Defendant previously plead Guilty to Count Two, Aggravated Robbery, a violation of ORC §2911.01(A)(1)(C), a Felony of the 1st degree, with Firearm Specification, ORC§2941.145(A)."

**{¶29}** Therefore, McColor's second pro-se assignment of error is meritless.

### Request for Trial Transcripts

**{¶30}** In his third and fourth pro-se assignments of error, which will be discussed together for clarity of analysis, McColor asserts:

> The appellant's right to redress in the court of law is denied, where as [sic] here he is forced to file his direct appeal without transcript of his plea, and sentencing hearings because he can't afford the cost of transcripts.

> The appellant is denied his fundamental right to pro se representation, where though allowed to proceed in pro se on his only appeal of right, he is denied meaningful self-representation, where as [sic] here he is denied plea and his sentencing transcripts needed to research all possible federal constitution violations.

**{¶31}** "The Ohio Supreme Court has held that an indigent criminal defendant must be provided with one copy of the transcript of a criminal trial *if properly requested*." (Emphasis added.) *Pankey v. Vivo*, 7th Dist. No. 07 MA 167, 2007 Ohio 6224, ¶ 6, citing *State ex rel. Call v. Zimmers*, 85 Ohio St.3d 367, 368, 708 N.E.2d 711. Further, a defendant is not "entitled to his own, personal copy of those transcripts." *Pankey at* ¶ 6.

**{¶32}** The trial court ruled that McColor's indigence "is a matter of record." Further, this court ordered "the Court Reporter [to] prepare at state expense and file with the Clerk the transcript of the plea and sentencing hearing held in this matter."

The transcripts were prepared, filed and appointed appellate counsel was able to review them. Thus, McColor's third and fourth pro-se assignments of error are meritless.

**Failure to Impose Community Control/Ineffective Assistance of Counsel**

{¶33} In his fifth and final assignment of error, McColor asserts:

McColor was denied right to trial counsel, when my attorney waived right to presentence sentence investigation, where the judge could have sentenced the appellant to community control.

{¶34} To prove ineffective assistance of counsel, the defendant must satisfy a two-prong test; that counsel's performance has fallen below an objective standard of reasonable representation, and that he was prejudiced by counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), at paragraph two of the syllabus. To demonstrate prejudice, the defendant must prove that, but for counsel's errors, the result of the trial would have been different. *Id.*, paragraph three of the syllabus. In Ohio, a properly licensed attorney is presumed to be competent and the burden is on the defendant to prove otherwise.

{¶35} Trial counsel was not ineffective for waiving preparation of a PSI. First, McColor's conviction for the three-year firearm specification rendered him ineligible for a community control sanction. *See* R.C. 2929.13; R.C. 2929.14; R.C. 2941.145(A). Second, the trial court imposed sentence that was jointly-recommended by defense counsel and the prosecutor. Again, "if a jointly recommended sentence imposed by a court is 'authorized by law,' then the sentence 'is not subject to review.' " *Sergent* at ¶ 15, quoting R.C. 2953.08(D)(1). As discussed above, McColor's sentence was authorized by law in that the trial court complied with all mandatory sentencing provisions. Counsel's performance with regard to the sentencing was more than adequate; he was able to negotiate a favorable outcome for McColor, considering he was facing charges in several cases. Accordingly, McColor's fifth

assignment of error is also meritless.

{¶36} In sum, all of McColor's pro-se assignments of error are meritless and there are no additional non-frivolous appealable issues. Accordingly, the judgment of the trial court is affirmed, and counsel's motion to withdraw granted.

Donofrio, J., concurs.

Waite, J., concurs.